# CASES

## ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI.

### APRIL AND OCTOBER TERMS, 1872.

---

## MAC. HAYWOOD *v.* THE STATE.

47   1
f77  708

1. CRIMINAL PRACTICE—AMENDMENTS.—The plaintiff in error was indicted for larceny of goods, alleged to be the property of "James Marshall"; pending the trial, the indictment was amended by stating it as the property of "James *Cicero* Marshall," to correspond with the proof; and the accused was convicted. *Held*: that, there being no proof controverting the identity of the owner, nor of surprise or prejudice to the accused, the amendment was properly made.

2. MISNOMER—AMENDMENTS.—The doctrine applicable to misnomers and amendments discussed and illustrated.

ERROR to the circuit court of Rankin county.   MILL-SAPS, J.

The plaintiff in error was indicted and convicted for the larceny of a watch, the property of James Marshall; at the trial, the district attorney was permitted by the court to amend the indictment by striking out the name of James Marshall, and inserting that of James *Cicero* Marshall; which is the only question considered by this court.

*W. B. Shelby*, for plaintiff in error,

Contended, that the amendment could not legally have been made. 1 Bish. Cr. Proc. §§ 389–393. That it was an amendment of substantial matter, and did not come

within the provisions of the Rev. Code, § 2789, which authorizes amendments in matters of form. That being a matter of substance, the defect could not have been cured by amendment except at the term at which the indictment was found, and by the consent of the grand jury. Revised Code, § 2794; 2 Bish. Cr. Proc. 680; Whart. Am. Cr. Law, 1820; Unger v. the State, 42 Miss. 647; 1 Bish. Cr. Proc. 394–398, *et seq.*

*J. S. Morris,* attorney general,

Submitted that the amendment was correct. The indictment failed to give the owner his middle name, and the variance occurring in the proof, being only formal, was cured by the amendment. Rev. Code, § 2799.

SIMRALL, J.:

The single cause assigned here for the reversal of the judgment is, that the circuit court permitted the district attorney to amend the indictment by striking therefrom the name of James Marshall, and inserting the name of James *Cicero* Marshall.

James Marshall is alleged to be the owner of the watch, the property stolen. The effect of the amendment was to introduce the middle name, which had been omitted.

The application and amendment were made pending the jury trial, before they retired from the bar, and after testimony had been put in by the defendant, that the name of the owner of the watch was James *Cicero* Marshall. The action of the court is expressly authorized and permitted by the Code of 1871, § 2799. Here was a mistake or misdescription of the name of the person injured by the offence, and under this clause, and another in the article, the variance being between the allegation in the indictment and the proof, the court, by amendment, was authorized to make them conform. This act is a precise transcript and re-enactment of art. 262, p. 615, of the Code of 1857. It devolves, therefore, on

the defendant, to show, either that the amendment prejudiced him in his defence on the merits, or that the law was passed in excess of the legislative power. On the last point we have not been furnished with an argument, and are not disposed, *sua sponte*, to raise constitutional questions, unless their solution is plain and easy, and absolutely necessary to be considered. The limitation put by the statute on the exercise of the power by the court is, "if it shall consider such variance not material to the merits of the case, and the defendant shall not be prejudiced thereby in his defence on the merits."

There is no pretence that this amendment was allowed that the state might prove property in a totally different person from him named in the indictment. It is not assumed that "James Marshall" is not the same person as "James *Cicero* Marshall." It is not perceived, nor was it pointed out to the circuit court, how the conformity of the indictment to the testimony, could or did produce the slightest embarrassment to the defence on the merits. These are authorities which hold that there can be but one christian name, and that the omission of the middle name does not vitiate. And it may be shown that a party is known as well with, as without, the middle name; such was the case with Franklin v. Talmage, 5 Johns. 85. The English common law knows of but one christian name, that which was given in baptism. Co. Litt. 3 *a.*; 1 Ld Raymond, 562. Another or middle name might be taken at confirmation. But in this country a man may take any name he chooses, and may be proceeded against, either civilly or criminally, by that name, which he recognizes and is usually called by. In City Council v. King, 4 McCord, 480, the defendant was sued in a *quasi* criminal case, by the name of A. W. King. It was decided that he might assume and be known by these initial letters, as his first or christian name, so, generally, as to preclude

him from setting up that they represented Andrew, William, or any other name with which they may begin.

If the defendant was taken by surprise—if the point of contestation before the jury were changed, so that testimony not at hand were needed—the court had ample authority to have continued the cause, on application.

In Kline v. the State, 44 Miss. Rep. 321, the several provisions of statute law, as contained in Code of 1857, in reference to amendments were examined, and it was then conceded that after demurrer filed, formal defects could be amended by the court. Section 2804 of the present code, allows an amendment where there is a misnomer of the defendant, although there may be a plea in abatement. On its trial, the indictment may be changed to accord with the proof.

The amendment in this case was made in accordance with the statute. There is nothing showing that the defendant claimed a postponement of the trial because of it, or that he would be prejudiced in his defence, for that reason. In Unger's case, 42 Miss. Rep. 649, a similar amendment was made by changing, "D. W." Humphries into "D. G." Humphries. It was proved that the christian name was "David George," and therefore the indictment was not sustained.

*Let the judgment be affirmed.*