LENA WILKINSON *v.* STATE OF MISSISSIPPI.

1. CRIMINAL PROCEDURE. *Indictment. Infanticide.* Code 1892, §§ 1341, 1354, 1435 *Amendment.*

An indictment of a woman for infanticide which describes the parties killed as "two certain human beings, the same being then and there her (defendant's) children," is good after verdict, under the statutes:

(*a*) Code 1892, § 1341, providing that a verdict in a criminal case shall not be vacated for any defect of form which might have been taken advantage of before verdict;

(*b*) Code 1892, § 1354, providing that all objections to an indictment appearing on the face thereof shall be taken by demurrer thereto; and not otherwise; and,

(*c*) Code 1892, § 1435. providing for the amendment of indictments to meet variances in the name or description of any person . . . alleged to be injured or damaged. Such an indictment is amendable.

2. SAME. *Double murder.*

An indictment charging in the same count the murder of two persons is good upon its face; a double murder may be committed by one and the same act.

3. SAME. *Duplicity. After verdict.*

An indictment cannot rightfully, after verdict, be objected to for duplicity.

FROM the circuit court of Lincoln county.

HON. ROBERT POWELL, Judge.

Lena Wilkinson was indicted for infanticide. She was

77 Miss.—45

tried, convicted and appealed to the supreme court. The nature of the contentions is apparent from the opinion of the court.

*A. C. McNair,* for appellant.

The testimony of Butler was admitted on the supposition that it was a confession that the appellant killed the children with a knife, and as evidencing that fact. As a confession, this testimony was inadmissible, because, first, there is no proof of the *corpus delicti,* that the children were ever alive, or that they came to their death by violence, and, second, the confession was not a voluntary one. It was induced by the statement that it would be better for defendant to produce the knife, and that if she did so nothing would be done with her. *Garrard* v. *State,* 50 Miss., 147; *Simmons* v. *State,* 61 Miss., 243; *Draughan* v. *State,* 76 Miss., 574; 1 Greenleaf on Evidence, sec. 110.

The *corpus delicti* was not proven beyond a reasonable doubt. The *corpus delicti* is always made up of two elements: first, of the fact that a certain result has been produced; second, that some one is criminally responsible for the result. In the case of felonious homicide it consists of two substantial, fundamental facts: first, the fact of death; second, of criminal agency as the cause of death. The first of these constituents is always required to be proved by either direct testimony, or by presumptive evidence of the strongest, most cogent and irresistible kind. *Pitts* v. *State,* 43 Miss., 472; *People* v. *Palmer,* 4 Am. St. Rep., 423; 7 Am. & Eng. Enc. L. (2d ed.), 863.

There is no proof that the children, or either of them, ever lived. On the contrary, the testimony of the woman—and it is uncontradicted—is that they were never alive.

The indictment charges the murder of two human beings in one count, and is bad for duplicity. Two or more distinct offenses should in no instance be joined in one count of an indictment. 4 Am. & Eng. Enc. L., 755; *Miller* v. *State,* 5

How. (Miss.), 250; Clark's Cr. Pr., 279, and authorities referred to in note 1.

The persons charged to have been killed are not named; no reason is given for the failure to name them. They are not averred not to have been named, nor is it charged that their names were unknown. They are not accurately described; their ages are not given. In short, the indictment is so fatally defective in this regard as to be insufficient to support the verdict. The judgment should be arrested.

*Monroe McClurg,* attorney-general, for appellee.

The court has for fifty years, while condemning the joinder of two distinct offenses in the same indictment as bad practice, steadfastly refused to hold that a conviction should be reversed because thereof, especially where advantage was not sought to be taken of it before verdict. In Roberts' case, *infra,* it is not only seriously questioned, but strongly intimated that after the verdict it is too late to raise the objection. A long line of unbroken decisions show the unquestioned rule on that subject in this state. *Wash* v. *State,* 22 Miss. (1850), 120; *Sarah* v. *State,* 28 Miss. (1854), 267; *Strawhern* v. *Grizzle,* 37 Miss. (1855), 422; *George* v. *State,* 39 Miss. (1860), 570; *Riley* v. *State,* 43 Miss. (1870), 397; *Teat* v. *State,* 53 Miss. (1876), 439; *Roberts* v. *State,* 55 Miss. (1877), 421; *Smith* v. *State,* 57 Miss. (1880), 822; *Harris* v. *State,* 61 Miss. (1883), 304; *Hill* v. *State,* 72 Miss. (1895), 527; *Cannon* v. *State,* 75 Miss. (1897), 364; *State* v. *Rees,* 76 Miss. (1898), 435.

There is nothing in the point that the indictment did not give the names of the persons murdered. It put the accused upon notice that she was charged with the murder of her two infant children at the same time; the proof subsequently taken completely removed the objection. The objection should have been made before the verdict. Code of 1892, §§ 1341, 1354. The *corpus delicti* was proven in the case at bar to the satis-

faction of the jury beyond a reasonable doubt. Properly instructed, the jury rendered a verdict of guilty.

Counsel overlooks the distinction made by Mr. Greenleaf between discoveries of the instrument by which death was produced as a result of a confession and the production of the instrument itself by the person, as in this case.

The tests applied to confessions, either as to words or acts, show that the appellant is not within any rule of exclusion. *Draughan's case,* 76 Miss., 574; *Ford's case,* 75 Miss., 101; *Hunier's case,* 74 Miss., 515; *Thompson's case,* 73 Miss., 584; *Smith's case,* 72 Miss., 420; *Williams' case,* 72 Miss., 117; *Ellis' case,* 65 Miss., 44; *Jones' case,* 58 Miss., 349.

CALHOON, J., delivered the opinion of the court.

On the facts the verdict of the jury cannot be properly disturbed, and it found, under full instructions, that the evidence established the *corpus delicti* and the guilt of appellant.

However, the monstrous nature of the details of double infanticide, their causeless, useless, senseless, butcherous atrocity, with the certainty of, and indifference to, detection, sufficiently suggest the possibility of the sudden access of, and sudden recovery from, puerperal mania, to indicate, as we all concur in thinking, the propriety of commutation of the life sentence to a limited number of years. The indictment charges that appellant "did then and there, wilfully, feloniously, and of her malice aforethought, kill and murder two certain human beings, the same being then and there her infant children." It was not demurred to, but the trial proceeded to verdict when, for the first time, objection was made to its sufficiency on a motion in arrest of judgment. This was too late, because of statutes enacted since the case of *Miller* v. *State,* 5 How., 250, and these statutes are: Code, §§ 1341, 1354, 1435, and they are applied and construed in *Norton* v. *State,* 72 Miss., 128; *Burnett* v. *State,* 72 Miss., 994; *Gates* v. *State,* 71 Miss., 874; *Rocco* v. *State,* 37 Miss., 357; *Haywood* v. *State,* 47 Miss.,

1; *Garvin* v. *State,* 52 Miss., 207; *Murrah* v. *State,* 51 Miss., 662-675; *Knight* v. *State,* 64 Miss., 802; *Wood* v. *State,* 64 Miss., 761; *Miller* v. *State,* 68 Miss., 221; *Foster* v. *State,* 52 Miss., 695; *Blumenberg* v. *State,* 55 Miss., 528; *Kline* v. *State,* 44 Miss., 317.

The failure to give names of the parties slain was readily amendable. If demurrer had been interposed, the indictment could have been amended to give names, or to show that the names were to the grand jurors unknown, or that, as is the fact, they were infants just born and without names.

To the objection that there are two distinct murders charged in the same count, the answer is that as to this the indictment is valid on its face and not demurrable, since a double murder may be committeed by one and the same act, as, for instance, the drowning of two persons at once. Besides, we answer the query of this court in *Roberts* v. *State,* 55 Miss., 421, by now holding that objection cannot be made after verdict to an indictment bad for duplicity.

The probability or possibility of this holding manifestly was duly considered by the learned counsel below, who properly took the chances of withholding demurrer, which would yield no solid advantage, while, if his point was good in arrest of judgment, his client was safe on that trial.

On the point of the alleged error in admitting what is alleged to be a confession to Dr. Butler, it appears from the evidence that appellant persistently denied to him that she had any knowledge of the killing, but did produce a case knife with no sign of blood on it from her bed, saying she did not know how it came there, but that she had found it lying on the foot of her bed. It was competent to prove that she produced this knife. *Belote* v. *State,* 36 Miss., 96; *Garrard* v. *State,* 50 Miss., 147.

*Affirmed.*