In the Matter of the Application of JOSEPH J. COHEN, Guardian of EMANUEL VOLTAIRE COHEN, Infant, for Leave to Allow the Said EMANUEL VOLTAIRE COHEN to Change His Name to EMANUEL VOLTAIRE CONASON.

Supreme Court, New York County, February 25, 1932.

*Lester A. Kent*, for the petitioner.

LEVY, J. Petitioner, a youth of nineteen, by means of his father's petition, seeks to change his name from Emanuel Voltaire Cohen to Emanuel Voltaire Conason. Under the common law a man may change his name at will for an honest purpose. (*Smith* v. *U. S. Casualty Co.*, 197 N. Y. 420.) As Judge VANN further observes in his learned historical review of the subject, the statutory provision* for a change of name " is simply in affirmance and aid of the common law to make a definite point of time when the change shall take effect. * * * It does not repeal the common law by implication or otherwise, but gives an additional method of effecting a change of name. The statutory method has some advantages, because it is speedy, definite and a matter of record, so as to be easily proved even after the death of all contemporaneous witnesses." Furthermore, " A man's name is the designation by which he is distinctively known in the community. Custom gives him the family name of his father, and such praenomina as his parents choose to put before it. * * * But all this is only a general rule from which the individual may depart if he chooses." (*Laflin & Rand Co.* v. *Steytler*, 146 Penn. St. 434.)

While the instant application is founded upon what might be deemed a legally honest purpose and would ordinarily be granted, one of the reasons pleaded by the petitioner cannot be passed by in silence. Cohen desires to enter as a student in a famous old

---

* Code Civ. Proc. § 2415; now Civil Rights Law, §§ 60–64.— [REP.

New England university, legally tagged as Conason, because "the name of Cohen is un-American." If this were the expression of an immature youth of nineteen, we might well overlook it as an indiscretion or a slip, and an attempt merely to convey that "Cohen" is not an Anglo-Saxon name. But contained as it is in the petition of his father, it must be considered an affront, unintentional though it may be, to the many distinguished Americans who have borne and still bear this name, among them a former as well as a present justice of this very court.

It may be true, as the petition avers, that the name is "extremely common," meaning thereby, I hope, nothing worse than that it is borne by a great many persons. But so is the name "Smith;" and although, as our great New England poet Holmes so genially said, "Fate tried to conceal him by naming him Smith," many a distinguished American by that name has refused to stay concealed. In the case of "Cohen" fate reveals rather than conceals. The name is the transliteration in English of the generic Hebrew word for the priests of the temple. (Exodus, 28; Numbers, 3; Catholic Ency. vol. XII, p. 407; see particularly Encyclopedia Britannica [14th ed.], vol. XVIII, p. 480, where the transliteration is given as "Kohen.") It signifies that the bearer is most probably a descendant of that class, and in a sense constitutes a badge or title of nobility. It is doubly strange that petitioner who intends to dwell in the select New England circles, should desire to conceal his aristocratic Old Testament origin among a people whose first names show the marked influence of Old Testament appellation, and many of whose picturesque and non-Anglo-Saxon given or Christian names will tend to recall to him the atmosphere in which was born the name from which he now seeks to escape. I do not find it necessary here to consider the materialistic motives which prompt a person to change an historic name for a colorless one, as I have already expressed my views on this phase in *Matter of Levy* (N. Y. L. J. Jan. 24, 1928). Let him not, however, again make reference to an honored name by calling it un-American.

With this admonition the court will grant the application on condition that the petitioner delete the offensive expression to which reference has been made. He may then resubmit the petition for approval.