## In re Ross' Contested Election

*Kyle & Reinhart*, for petitioners; *Waychoff & Thompson*, contra.

SAYERS, P. J., February 12, 1934.—A petition was presented to this court on November 27, 1933, signed by 27 citizens and qualified electors of Monongahela Township, Greene County, Pa., setting forth that they are qualified voters of said township and voted at the election held on November 7, 1933; that the candidates for the office of tax collector voted for at said election were Frank D. Ross, who appeared upon the ballot to have the nomination of the Republican and Democratic Parties, N. A. Rumble, nominated by the Socialist Party, and Harry V. Boyce, who was on the ballot by reason of having filed nomination papers as an independent candidate; that the returns of the election computed and certified by the court of common pleas showed that Frank D. Ross received 244 votes, N. A. Rumble 151 votes, and Harry V. Boyce 198 votes, and that Frank D. Ross had a plurality of 46 votes over the said Harry V. Boyce, his next competitor. These facts are admitted in the answer filed by Frank D. Ross on January 22, 1934.

The fourth paragraph of the petition sets forth that the election of Frank D. Ross to said office was undue and illegal, and the return thereof incorrect for the following reasons:

(a) There is no person residing in said Monongahela Township whose name is Frank D. Ross, and therefore all votes cast in the name of Frank D. Ross were a nullity and should not have been counted.

(b) The person claiming to be Frank D. Ross is in fact one Frank DeLuca, whose occupation is barber, and who resides at the village commonly known as Poland Station in said Monongahela Township.

(c) The said Frank DeLuca was born under the name of Frank DeLuca, his name has always been Frank DeLuca, and he was registered as a voter in said Monongahela Township as Frank DeLuca and voted in the fall election of 1932 under the name of Frank DeLuca.

(d) The said Frank DeLuca, in violation of section 1 of the Act of July 9, 1919, P. L. 822, unlawfully assumed a name different from the name by which he is and had been known, without having the change in his name made pursuant to proceedings in court and approved by the court in the manner provided by the Act of April 18, 1923, P. L. 75.

(e) In attempting to carry out such illegal purpose, the said Frank DeLuca caused the registry assessor of precinct no. 2 of Monongahela Township to erase his name, already entered as Frank DeLuca upon the registry list for the primary election in the year 1933, and to enter his unlawfully assumed name of Frank D. Ross on the said registry list.

(f) The placing of the name of Frank D. Ross upon the ballot as the nominee of the Republican and Democratic parties, instead of the proper name of said candidate, to wit, Frank DeLuca, was calculated to mislead voters in regard to candidates for said office, and in the opinion of petitioners did mislead the voters and did result in an entirely different return of election for the said office of tax collector.

(g) The votes cast for the said Frank D. Ross were all illegal, there being no such person, and the said votes should have been cast aside and not counted.

The answer filed by the respondent to this paragraph sets forth that the said Frank D. Ross has been a resident of Monongahela Township for upwards of 21 years, and during that entire time has been recognized by the general public as Frank D. Ross; that the true name of the respondent is Frank D. Ross and his occupation is that of merchant, and that he and his four brothers carry on a mercantile establishment with which is connected a barber shop and pool room.

Respondent admits his father John DeLuca came from Italy about the year 1900, moved to Poland Station in Monongahela Township about the year 1912, took the name of Charley Ross and was thereafter known throughout the neighborhood as Charley Ross, and conducted a mercantile business in his name until he died on November 10, 1926.

The respondent admits that he was born Frank DeLuca, but denies that his name has always been Frank DeLuca, and avers that in the year 1912 when he was a small boy he changed his name to Frank D. Ross, and "that has been his name continuously from that time to this, and he has been so known and named by the general public." Prior to the year 1933, respondent never paid any attention as to how he was registered as a voter, but in that year he caused the registration assessor to register his name as Frank D. Ross; the time when respondent's name was changed to Frank D. Ross instead of Frank DeLuca was upwards of 7 years before the date of the Act of July 9, 1919, P. L. 822, and when the act of assembly was passed the respondent had been known by the general public for 7 years as Frank D. Ross; respondent did not change his name or cause the registration assessor to register him in the year 1933 as Frank D. Ross for any illegal purpose.

The respondent further alleges that no voter was misled by reason of the placing of the name of Frank D. Ross on the ballot, because the general public well knew that respondent's name was Frank D. Ross, and that the ballots received by him under said name were legal votes received by respondent under his true name as Frank D. Ross.

The answer further denies that Harry V. Boyce, having received a majority of the legal votes over N. A. Rumble, was duly elected to the office of tax collector because there was no such person as Frank D. Ross, and prays that the petition be dismissed at the cost of the petitioners.

The answer further raises the following legal propositions:

"That the petition heretofore filed in this matter was filed too late, for the reason that under the Act of July 9, 1919, P. L. 832, sec. 2, 25 PS § 976, the objection raised in the petition should have been adjudicated at least 25 days before the date of the primary election, and that now all things which were properly objectionable at the time of the filing of the nomination papers are waived.

"That the Act of July 9, 1919, P. L. 822, sec. 1, does not have the effect of forfeiting a candidate his elected office in case of the assumption of a different name without the court's approval.

"That the court of quarter sessions of this county has no jurisdiction to determine this question, such jurisdiction being vested in the court of common pleas, under the Act of July 9, 1919, P. L. 832, supra."

On the petition, the court fixed December 29, 1933, as the time for hearing testimony, and directed notice be given to the respondent to appear and file an answer within 20 days, the petitioners to file a bond in the sum of $300 to be approved by the court. The hearing was adjourned from time to time until January 26, 1933.

From the evidence, the court finds the following facts:

1. Gianinni DeLuca, a citizen of Italy, came to the United States March 3, 1898, and resided at a place called Atchison, in Fayette County, with his wife Katharine DeLuca, who came with him from Italy, and certain of his children. In the year 1912, he removed with his family to Poland, Monongahela Township, Greene County, Pa.

2. At that time he had several children, among whom were Frank DeLuca, now known as Frank D. Ross, who was born December 7, 1907, and a brother Ralph DeLuca, who was born in Italy on September 13, 1901.

3. On July 20, 1920, under the name of John DeLuca, the father of the respondent filed his declaration of intention to become a citizen of the United States, and subsequently filed his petition for naturalization, setting forth the name of his wife and eight children, including Frank and Ralph, and praying that he might become a citizen of the United States. This petition, which is case no. 93 in the Court of Common Pleas of Greene County, Pa., was filed in naturalization docket, volume 2, folio 43, and on this petition John DeLuca was admitted to become a citizen of the United States on December 3, 1923.

4. At the time the family of John DeLuca moved into Greene County, about 1912, the father and the family adopted the name of Ross, and Gianinni DeLuca, alias John DeLuca, was always thereafter known as Charles Ross. His name was carried on the books of the coal company until the date of his death as Charles Ross, and he conducted a store or a mercantile business at Poland under the name of Charles Ross, purchased goods which were billed to him by that name, and paid the bills by checks signed in the same name.

5. Charles Ross was killed in an accident at Poland mines on December 10, 1926, and at that time apparently, beside his store property, he had some money in a bank at Point Marion. Although he had been conducting business under the name of Charles Ross, letters of administration were taken out by his wife and son Ralph in the office of the Register of Wills in Greene County, Pa., under the name of John DeLuca.

6. Subsequent to the father's death, the respondent and his brothers, sons of John DeLuca, who had been known in Greene County as Charles Ross, took over the store and mercantile business at Poland, including the pool room and barber ship, and ran the business in the name of Ross Brothers and paid bills rendered to Ross Brothers with checks drawn on at least two or three banks in the name of Ross Brothers.

7. The respondent operated the barber shop in connection with the Ross mercantile establishment under the name of Frank D. Ross, received his barber's license from the State of Pennsylvania under that name, and had issued to him at various times an automobile operator's license from the State of Pennsylvania under the name of Frank D. Ross.

8. The respondent Frank D. Ross attended the common schools in precinct

no. 2 or Poland District of Monongahela Township, and was enrolled in school under the name of Frank Ross; he was well known to practically everybody in that part of Monongahela Township as Frank D. Ross, and was generally known throughout the township by such name, except that in precinct no. 2 of the township, a part of which is remote from the neighborhood where Frank D. Ross lived, there were many people who did not know the respondent either under the name of Frank D. Ross or Frank DeLuca.

9. Frank D. Ross transacted business with his bankers under that name, and on August 31, 1929, he was married in Oakland, Md., under that name, and was subsequently married under the rites of the Catholic Church under the same name.

10. Respondent became of age on December 7, 1928, and sometime thereafter was registered as a voter in precinct no 2 of Monongahela Township.

11. In the years 1928 and 1929, respondent was registered under the name of Frank DeLuca, residing at Poland Station, Post Office Dilliner, R. D., occupation, barber. No one under the name of Ross was registered in the district in those years or in the year 1931. In the original registry list for the year 1932, no one is registered by the name of Ross, but voters were registered in the name of Ralph DeLuca, grocer, and Frank DeLuca, barber.

12. The voters' registry list for the primary of 1933 shows Ralph DeLuca registered on May 4th as a grocer, Mary DeLuca registered on May 5th as a housewife, and Frank D. Ross registered as a Democrat, Dilliner, Pa., R. F. D., occupation, barber, on May 2, 1933. Following the name of Mary DeLuca, there was another name registered as of May 5th, which has been erased, but which shows plainly the occupation to be that of a barber, and the name erased probably was Frank DeLuca.

13. For the general election of 1933, the registry list shows the name of Ralph DeLuca, grocer, registered as of May 4th, and Mary DeLuca, housewife, registered as of May 5th, and the name following theirs cannot be distinguished because it is entirely scratched out or erased. This registry list shows the name of Frank D. Ross registered as of May 2, 1933.

14. The property assessment rolls for 1928 show the real estate on which was located the Ross store to be assessed as the property of "John DeLuca Est. $2,700". The rolls for 1929 and 1930 show the same assessment. In the year 1929, the name of Ralph DeLuca appears on the assessment roll as a clerk and the value of his occupation is $75. In the year 1930, the assessment roll shows the name of Ralph Ross, clerk, occupation $75, and Frank Ross, barber, occupation $75. The same property assessment is made in the assessment roll for 1933.

15. It is probable that, when John DeLuca was employed at the Poland mines in 1912, the name of Charles Ross was suggested to him and adopted by him when he received his mine chéck and was entered on the payroll of the coal company, and thereafter until his death he was known as Charles Ross.

16. The respondent Frank D. Ross apparently adopted the name of Ross from the time he was 5 years old, nor was it for any illegal purpose, and while he knew that his father's old country name was DeLuca, he never thereafter seems to have used the name DeLuca.

17. From 1912 on, the father and sons conducted their mercantile business at Poland in the name of Charles Ross or Ross Brothers.

18. After the death of his father in 1926, the mother and Ralph were registered under the name of DeLuca, and after the respondent became 21 years of age in the year 1929 the registration assessor and the tax assessors in the dis-

trict caused his name to be entered in the assessment records as Frank DeLuca down to and including the years 1931, 1932, and 1933.

19. The respondent himself says that he did not direct his name to be registered as Frank DeLuca, and possibly paid no attention to the way he was registered when he went to vote during those years, but in 1933, on May 2d, he caused himself to be entered on the registry list under the name of Frank D. Ross. The rolls for 1933 show Ralph DeLuca registered on May 4th and Mary DeLuca, housewife, registered on May 5th, and shows that Frank D. Ross was registered on May 2d. It is probable that the name of Frank DeLuca was entered on the registry list for the primary election of 1933 as Frank DeLuca, barber, and the record indicates that his name was scratched from the list. It was also scratched or erased from the registry list furnished for the general election of the same year.

20. So far as the evidence shows, the name of Frank DeLuca entered on the assessment rolls for 1931, 1932, and 1933 was so registered by the registration assessor without any participation or acquiescence therein by the respondent, who, when the matter was called to his attention in 1933, caused the registration to be changed on the record to Frank D. Ross, which was the name he had adopted and used and by which he was commonly known in the community since he was 5 years old.

21. There is no evidence that Frank DeLuca changed his name to Frank D. Ross or adopted that name for any illegal purpose, or for the purpose of deceiving the voters at the primary or general elections in 1933.

### Discussion

From the time the respondent was 5 years old, he apparently adopted the name of Frank Ross, and his father was known as Charles Ross. When the boy got old enough to engage in business and open an account in a bank at Point Marion, Pa., the banker suggested to him that he adopt the letter D. as an initial because there was another Frank Ross in the vicinity and the initial would save getting the accounts confused.

In 1920, the father, who had been known as Charles Ross since 1912, declared his intention to become a citizen of the United States under the name of John DeLuca, and was admitted under that name on December 3, 1923. At the time of his naturalization, he could have declared his intention to be known thereafter as Charles Ross, but for some unexplained reason he did not make known any desire to have his name changed on the record of his naturalization. When he died, letters of administration were taken out in the name of John DeLuca, and thereafter the store property was assessed in the name of John DeLuca estate, but the business which had always been run under the name of Charles Ross was changed to Ross Brothers, and all the evidence in the case indicated that the respondent had adopted the name of Frank Ross and had continued to use that name and was known generally throughout the township by that name down to the date of the election on November 7, 1933.

When Frank D. Ross submitted his name as a candidate to the voters of the district at the primary election in 1933, if the electors or voters in the district had reason to believe that he was running as a candidate under an assumed name or under a name which he was not legally entitled to use, objections should have been filed by the electors and voters at least 25 days before the day of the primary election to his right to use and assume the name of Frank D. Ross, as provided by the Election Laws of 1893, 1897 and 1903, as amended by section 2 of the Act of July 9, 1919, P. L. 832, 25 PS §§ 976, 977. Such an objection could have been disposed of by the court of common pleas before the ballot for the

primary election was printed, but even though the electors failed to raise this question at the proper time we see no reason why they should be deprived of their right to assert after election that there was no such person as Frank D. Ross in the township legally entitled to use such name, and that therefore votes cast for such person were a nullity and should not have been counted.

At common law, any person had a right to change his or her name at will for any honest purpose: In re Cohen, 142 Misc. 852, 255 N. Y. Supp. 616. It has been decided by the United States District Court for the Middle District of Pennsylvania, in In re McUlta, 189 Fed. 250, that at common law a man might lawfully change his name, and, as there was no statute in Pennsylvania prohibiting such change, the bankrupt and those with whom he dealt were bound by the name assumed by him. In this case the man, whose real name was McCleas, moved from Maine to Pennsylvania, engaged in business under the name of McUlta, and became a bankrupt. When he applied for his exemption, objection was made because it was claimed that there was no such person as McUlta, and that his doing business under an assumed name was a fraud upon his creditors. The general rule or the rule at common law is: "Where it is not done for a fraudulent purpose, and in the absence of statutory restriction, one may lawfully change his name without resort to any legal proceedings, and for all purposes the name thus assumed will constitute his legal name just as much as if he had borne it from birth": 45 C. J. 381, sec. 15.

The Legislature of Pennsylvania by Act of July 9, 1919, P. L. 822, 54 PS §5, provided: "It shall be unlawful for any person to assume a name different from the name by which such person is and has been known, unless such change in name is made pursuant to proceedings in the court and approved by the court."

If Frank DeLuca had adopted and changed his name to Frank D. Ross after the passage of the Act of 1919 without proceeding in the manner directed by law, his right thereafter to adopt the name of Frank D. Ross without such legal proceeding might be denied and refused, but here we have a case of a man who from infancy adopted as his name the name of Frank Ross, used that name on all occasions, was known by that name up until the passage of the Act of 1919, and continued to use it in his business transactions down to the time his right to use the same was questioned in this proceeding. He was known by the people in his election district and generally throughout the township by the name of Frank D. Ross, and the fact that it was necessary for his father to apply for naturalization under the name of John DeLuca, that letters of administration on his father's estate were granted in the name of John DeLuca, and that various assessors entered his name on the registry list and assessment rolls as Frank DeLuca, probably without either his knowledge or consent, would not render it illegal or improper for him to continue to use the name of Frank D. Ross which he had adopted prior to the passage of the Act of 1919.

It is a significant fact that Frank D. Ross was a candidate at the primary on both the Democratic and Republican tickets, as was also Harry V. Boyce, and that there were also six other candidates running for the two nominations, and at this election Frank D. Ross received more votes than Harry V. Boyce for the Democratic nomination, and likewise more votes as the Republican nominee, and that afterwards at the general election Frank D. Ross also obtained a plurality of the votes cast at that election over Harry V. Boyce, who was running as an independent candidate.

Another significant fact is that the records of the school which Frank D. Ross attended show that he was always known in school by the name of Frank Ross, and one of his school teachers who had known him for 17 years testified that he had never heard him called by any other name and never knew him by

any other name. Another school teacher, who had known his father by the name of Charles Ross and who has known Frank D. Ross since 1917, also testified that he was known generally by that name, although he had heard about the time of the father's death that the family name was DeLuca.

It is idle to say under these circumstances that the voters were deceived and did not know the respondent as the candidate for whom they were voting, nor is there any justification in the claim that Frank D. Ross assumed a name popular in that township immediately prior to the elections of 1933 solely for the purpose of deceiving and confusing the voters.

It was suggested during the hearing of this case and the argument that the proper way to determine whether there was such a person as Frank D. Ross entitled to hold the office of tax callector was by writ of quo warranto, it being held in the case of Commonwealth ex rel., Davis v. Blume, 307 Pa. 406, that the only way to try title to a public office is by quo warranto, and that this is the exclusive remedy. Under the circumstances of this case, it is not required that the court shall pass upon this question. However, if a person was elected to office under a name that he had no legal right to use or assume, his title to hold office might be questioned by such a proceeding.

### Conclusions

1. The court of quarter sessions has jurisdiction of this election contest, notwithstanding the fact that the electors failed to object to the form of the candidate's name within the time allowed by law for filing objections in the court of common pleas to nomination papers, as provided by the Act of July 9, 1919, P. L. 832, amending the previous Acts of 1893, 1897 and 1903.

2. Frank D. Ross had legally adopted that name and thereafter ceased on all occasions from the use of his original or family name of DeLuca, as he had a right to do at common law, 6 years or more prior to the passage of the Act of 1919 declaring it unlawful for any person to assume a name different from that by which he had theretofore been known.

3. The respondent having legally adopted the name of Frank D. Ross prior to the passage of the Act of 1919, and having used the name in business, having been known by his business associates and the people generally in his district by that name, there is nothing in that act of assembly or the law that forbids him to use the name adopted by him subsequent to the passage of the Act of 1919 and down to the present time.

4. The circumstances under which he adopted his name and continued to use the name of Frank D. Ross, and which show that he was thereafter recognized in business and on all occasions as Frank D. Ross, show an intention on his part to exercise his common law right prior to the Act of 1919, and nothing done by himself or the other members of his family was in derogation of this right.

5. The respondent having at the time of his nomination and election assumed the name of Frank D. Ross, and having for many years prior thereto been known generally by the people in his district by the name of Frank D. Ross, his name was properly on the ballot under which he was nominated in the primary election, and he was duly elected to the office of tax collector of Monongahela Township, Greene County, Pa.

6. The petition in this case should be dismissed at the cost of the petitioners.

### Order

And now, February 12, 1934, the petition in this case is dismissed and the petitioners are directed to pay the costs of this proceeding.

From S. M. Williamson, Waynesburg, Pa.