BLAKENEY *v.* SMITH.

(Division A.   Oct. 17, 1938.)

[183 So. 920.   No. 33331.]

Homer Currie, of Raleigh, for appellant.

**O. M. Oates,** of Bay Springs, for appellee.

Argued orally by **Homer Currie**, for appellant, and by
**O. M. Oates**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an action of ejectment by the appellee to re-
cover the possession of land alleged to be withheld from
him by the appellant.

On the seventh day of April, 1931, the appellant, Bar-
ney Blakeney, the then owner of the land, and his wife,
Lillie Blakeney, executed a deed of trust on the land to
Oates, Trustee, to secure an indebtedness to the appel-
lee, J. E. Smith. The appellant did not sign this deed
of trust with his full Christian name, his signature be-
ing B. Blakeney. Default having been made in the pay-
ment of the debt secured by this deed of trust, Oates, the
trustee therein, advertised it for sale as follows:

"Notice of Trustee's Sale

"Whereas, on April 7, 1931, B. B. Blakeney and wife,
Lillie Blakeney, made executed and delivered to me, as
trustee, for the use and benefit of J. E. Smith, their deed
of trust on certain property to secure a promissory note
of even date due September 1, 1931, for value received,

said deed of trust being recorded in the office of the Chancery Clerk of Smith County, Mississippi."

After reciting a default in the payment of debt secured by the deed of trust, the notice proceeds: "notice is hereby given that I will offer for sale and will sell to the highest and best bidder for cash, at public auction, within legal hours, and in front of the Court House door of Smith County, at Raleigh, Mississippi, on the 8th day of January A. D. 1937, the following described property in said deed of trust, to-wit:

"E½ of NW¼ Section 32, Township 2, Range 9, East, Smith County, Mississippi.

"I will convey such title as is vested in me as trustee.

"This the 17th day of December A. D., 1936."

The appellee, Smith, became the purchaser of the land at the sale thereof pursuant to this notice, and a deed thereto was executed to him by Oates, trustee. His title to and right to possession of the land rests on the validity of this deed, the validity of which in turn rests on the validity of the notice of the sale under the deed of trust.

The Court below refused to direct a verdict for the appellant, but directed one for the appellee and rendered a judgment accordingly.

Sec. 2167, Code of 1930, provides that sales of land under deeds of trust or mortgages shall be advertised in a specified manner and for a specified time, "and such notice and advertisement shall disclose the name of the mortgagor or mortgagors whose property is advertised for sale. No sale of lands under a deed of trust or mortgage shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary. An error in the mode of sale such as makes the sale void will not be cured by any statute of limitations, except as to the ten-year statute of adverse possession." This requirement, ex vi termini, means that the name of the mortgagor must be correctly given, and if the wrong name is given a sale under the notice is void. 41 C. J. 951; 3 Jones on Mortgages, 8th

Ed., Sec. 2383. A person's name consists of one or more Christian or given names and one surname, or family name. 45 C. J. 367; Haywood v. State, 47 Miss. 1. The use of initials or first letters of the Christian name is permissible in designating the person. 45 C. J. 373. The mortgage under which this land was sold was signed by the mortgagor, not with his full Christian name of Barney, but B. Blakeney, and had the notice of sale so designated him it would have been sufficient. B. B. Blakeney is another and different name, and, therefore, cannot be held to refer to B. Blakeney.

We are not confronted with a notice wherein only one of a mortgagor's several Christian names, or the initials of only one thereof, is given; nor with a misspelled name, but with a notice attributing to the mortgagor two Christian names, each of which begins with the letter B, when in fact he had only one such name. This notice has the same legal effect as if it had designated the mortgagor as Benjamin Barney Blakeney, a wholly incorrect and different name.

But counsel for the appellee say that the identity of the mortgagor is sufficiently indicated by the recital in the notice of (1) the name of his wife who signed the mortgage with him; (2) the date of the mortgage and that it was recorded in the office of the Chancery Clerk of Smith County, Mississippi, and (3) a description of the land as set forth in the deed of trust.

A sufficient answer to this is that the statutes require the identity of the mortgagor to be disclosed by setting forth his name. Moreover, had the notice given the book and page of the mortgage, that fact would not have cured the failure of the notice to substantially set forth any matter required to be set forth therein. Yellowly v. Beardsley, 76 Miss. 613, 24 So. 973, 71 Am. St. Rep. 536. The notice not being in conformity with the requirement of Section 2167, Code of 1930, the sale thereunder is void for the section expressly provides that "no sale of lands under a deed of trust or mortgage shall be valid unless

such sale shall have been advertised as herein provided for.''

''The statute is clear, and we cannot avoid the effect of noncompliance therewith, although it may impose regrettable hardship upon persons who have not observed its provisions.'' Wilkinson v. Federal Land Bank of New Orleans, 168 Miss. 645, 150 So. 218, 151 So. 761, 763.

The Court below should have granted the appellant's request for a directed verdict, for which error its judgment will be reversed and judgment will be rendered here for the appellant.

So ordered.