## IN THE MATTER OF THE APPLICATION FOR A CHANGE OF NAME OF FRANK PADILLA TO 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, Petitioner

Fam. No. N-13-1985

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

February 12, 1986

FRANK PADILLA, ESQ., St. Croix, V.I., *pro se*

SILVERLIGHT, *Judge*

### MEMORANDUM OPINION

Petitioner, Frank Padilla, has petitioned this Court pursuant to 16 V.I.C. § 181 et seq. for an order changing his name as set forth in the above-captioned matter. Section 181 of Title 16 of the Virgin Islands Code reads as follows:

> Application for change of name may be heard and determined by the District Court. No lawful change of name of a person except a woman upon her marriage or divorce or upon an adoption of a child shall be made <u>unless for sufficient reasons</u>

not inconsistent with the public interest and satisfactory to the Court. (Underscoring added.)[1]

Petitioner in his petition asserts in support of his request that:

All documents of importance bears (sic) this number 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. Everything your petitioner does requires this number. It's known to all banks, governmental agencies, and creditors or organizations of importance by this number. That all tax records, licenses, permits, etc. bear this number. That your petitioner would like to simplify his life bearing this number as his name.

Black's Law Dictionary, Deluxe Fourth Edition, defines a name as follows:

The designation of an individual person or of a firm or corporation.

It then goes on to recite that:

"A person's 'name' consists of one or more Christian or given names and one surname or family names. Blakeney v. Smith, 183 Miss. 151, 183 So. 920, 921. It is the distinctive characterization in words by which one is known and distinguished from others, and description, or abbreviation, is not the equivalent of a 'name'. Putnam v. Bessom, 291 Mass. 217, 197 N.E. 147, 148. Custom gives one his father's family name, and such praenomina as his parents choose to put before it, but this is only general rule, from which individual may depart, if he choose. In re Cohen, 142 Misc. 852, 255 N.Y.S. 616, 617."

A legal name at common law consisted of a given name and a surname or family name as a matter of custom. The family name is passed along from father to children and when a father's daughter marries she adopts the surname of her spouse. See 16 V.I.C. § 61. It may be said that a name is a word or words used to distinguish a person. 65 C.J.S. Names, Section 1. Likewise, since very early times at common law, a legal name has consisted of a Christian or given name and of one surname, patronymic or family name, the given name being used first and the surname last. 65 C.J.S. Names, Section 3. 57 Am Jur Second Names, Section 1. This Court adopts the clear majority view that a name is a word or

---

[1] Upon the enactment of Act No. 3876 effective January 1, 1977, the Territorial Court was granted concurrent jurisdiction with that of the District Court. 4 V.I.C. § 76(a) (1977).

combination of words by which an individual is known or designated. This Court adopts the definition assigned the words "legal name" in Webster's Third New International Dictionary, Unabridged as follows:

> The designation of a person recognized by the law as correct and sufficient and constituting under common law one given name followed by the family name and in modern times requiring or permitting one or more middle given names or initials in abbreviation thereof and upon the marriage of a female the substitution of her husband's family name for her maiden or former family name.

■■ This Court rejects the idea that any number or series of numbers constitute a name within the definition aforesaid. As is specifically provided in 16 V.I.C. § 181, the change of name should not be granted if it is inconsistent with the public interest, is not satisfactory to the Court or is not based on sufficient reason. Clearly the use of cardinal numbers stated by the Arabic symbol for such numbers is not in the public interest but is blatently inconsistent therewith. The public interest demands consistency and this can be accomplished only by the utilization of a name which is composed of a series of words, the first of which is the given name and the last of which is the surname. Accord, Petition of Dengler, 246 N.W.2d 758 (S.Ct. N.D., 1976).

■ It appears that this Petition was filed with tongue in cheek. If so, it constitutes an unwarranted incursion on the Court's time by requiring the Court to deal with an inconsequential, insignificant, trivial and frivolous Petition which so departs from the standard of reasonableness as to warrant no consideration whatsoever. For these reasons, the Court sua sponte and without further ado will DENY the Petition.