MOSES C. WEYBURN *v.* ANNA L. WATKINS ET AL.

[44 South., 145.]

1. TRUSTEE'S SALE. *Deed of Trust. Inadequacy of price.*

A sale of land made by a trustee in a deed of trust, otherwise valid, will not be set aside for mere inadequacy of price, unless it be so great as to shock the conscience.

2. SAME. *Notices of sale. Defects. Date.*

Notices of a trustee's sale, complying with the terms of the trust deed and the law, which clearly and properly give the time, terms and place of sale, are not invalidated by an erroneous date written under them.

3. SAME. *Principal and surety.*

The right to sell existing, a surety cannot complain of a trustee's sale of lands any more than a principal debtor.

FROM the chancery court of Monroe county.

HON. JOHN Q. ROBINS, Chancellor.

Weyburn, appellant, was complainant in the court below; Mrs. Watkins and others, appellees, were defendants there. From a final decree in defendants' favor the complainant appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Thomas J. O'Neill,* and *D. W. Houston,* for appellant.

The assertion that Clifton advertised and sold the property on January 20, 1902, "In conformity with the requirements of the deed and our statutes" is not only unsupported by the

pleadings and evidence but the contrary fact is established, that a gross and misleading blunder was made and the sale according to Clifton's published notice had taken place already some ten or more months prior to the day on which the advertisement was made. *Finner* v. *Tucker,* 6 R. I., 551.

Appellee in her brief attempts to treat the error made by Clifton as trustee in his attempted sale of the land under the trust deed, and I submit to the court in all candidness that in his theorizing and supposing counsel successfully states himself out of court. He says: "Suppose the public stood before the bulletin board any day between the 19th of December, 1901, and January 20, 1902, to read this ad., for the purpose of acting on it. They would know that it had not been posted in December, 1902, for they would be looking at it there one year or eleven months before the day on which it was dated. This would show where the error was, etc." What sort of reasoning is this? How would the public know anything about what was intended or meant? Now would they not have been in the frame of mind that eunuch found himself when reading the Scriptures and the Apostle Philip drew near to him and asked him whether he understood what he was reading and he answered "How can I understand unless I have some one to explain to me?" How could the public understand anything about this advertisement on the bulletin board in the absence of an interested apostle who should have stood there as Monitor and Prophet to explain what that advertisement meant.

The case of *Graham* v. *Fitts,* 53 Miss., 307, referred to by appellee does not touch the question under consideration. It simply holds that where thirty days' notice is required of a trustee's sale that it is not necessary if the notice is properly made that it should remain up the entire thirty days.

The case of *Tyler* v. *Herring,* 67 Miss., s.c., 6, South., 840, referred to is really an authority in favor of appellant. It is held in this case that a proper conveyance by a trustee is *prima*

*facie* evidence of the performance of necessary ministerial acts before sale. It, however, proceeds further and says: But this is a mere presumption and if there is evidence to impeach the sale, one who attacks it is not required to show by a preponderance of the evidence that such acts were not performed." What application these authorities have upon a case where it is shown that the advertisement in question while it remained upon the bulletin boards showed that a sale had already been made eleven months before, we fail to comprehend. The practical effect of this error was to give no notice of the time when the sale would be made. If it had been designed to mislead the public and to prevent bidders from appearing at the sale so that interested persons could obtain the property at a sacrifice, no better scheme could have been devised.

The contention of appellee that all matters complained of in this case were involved in the suit in the circuit court of Illinois is made in the face of the record of that suit, or more properly speaking, that part of the record of that suit to be found in the record before this court. We make this qualification because it is an imperfect and incomplete transcript of the records and proceedings in the Illinois court.

That record shows simply that under the old common law form of declaration, plaintiff there, appellee here, declared upon the covenant in the deed from Cleaver to appellant, that an attorney, evidently with limited experience, simply filed what he regarded as a plea of the general issue; that when the case came on for trial plaintiff there proved the execution of the Cleaver deed and the alleged sale by the trustee and the alleged deficit of $2,000 and rested, and that the court very properly declined to allow defendant there to present any proof as to the value of the property or otherwise, and gave a peremptory instruction for plaintiff. No other question was before the court or could have been and under the issues as presented the sole question determining that case was that appellant had assumed the debt on the land.

The statement in the brief that the value of the land and the matters of the advertisement and sale and all other matters complained of in this suit were gone into in that case is wholly erroneous and finds no place in this record outside this brief, and the conclusions of counsel are in direct conflict with the decisions of our own and other courts.

The many questions involved in this proceeding were not litigated in the common law action in the circuit court of Illinois, and what is more, they could not have been litigated there, because that court as is shown by the proof in this case has no equity jurisdiction.

In *Clay County* v. *Chickasaw County,* 76 Miss., 418, s.c., 24 South., 475, it is held that "A judgment in a previous suit does not support a plea of *res adjudicata* in a second suit between the same parties, if the claim propounded in the second was not, and could not have been litigated in the first." That is the law in Mississippi, and it will not, I presume, be even suggested that the judgment of any other court of a sister state or a foreign country would or could be placed upon a more favorable basis than judgments of our own courts.

"A purchaser having assumed the payment of an existing mortgage and thereby become the principal debtor, and the mortgagor a surety of the debt merely, and extension of the time of payment of the mortgage by an agreement between the holder of it and the purchaser without the concurrence of the mortgagor, discharges him from all liability upon it." Jones on Mortgages, sec. 742.

This principle covers our case exactly. Appellee recognized and treated Gregory as a principal debtor, and as admitted in the answer in response to the charge in the bill, she made a valid verbal agreement with Gregory for the extension of the debt for one year upon his agreeing to pay the interest for that year. That is for the year 1902. He had not then paid the interest and taxes for 1901, but was permitted by appellee to collect the rent for 1901 from Clifton, the

agent of appellee who had collected the rent for the year 1901 from the tenants on the property. The records then showed the deed from appellant to Gregory and hence appellee was advised of the fact, and by her transactions with Gregory showed that she was so advised that appellant stood in the relation of surety to Gregory and under the authority above quoted she released appellant when without his consent she extended the payment of the debt and interest, and this fact was never heard or thought of in the common law court of Illinois where the judgment in controversy was rendered. 27 Am. & Eng. Ency. L., 489, where the doctrine is discussed and the principle contended for upheld.

*W. H. Clifton,* and *Trusdell & Smith,* for appellees.

On the proposition that the notice of the trustee's sale bearing date December 19, 1902, when it fixed the sale at January 20, 1902, was misleading and avoided the sale. No such construction or effect could be given such a clerical misprision, for when analyzed it will be seen to be entirely harmless.

Suppose the public stood before the bulletin board any day between the December 19, 1901, and January 20, 1902, to read this "ad." for purpose of acting on it. They would know it had not been posted in December, 1902, for they would be looking at it there one year or eleven months before the day on which it was dated. This would show where the error was and the material matter, the day of sale and the posting of it is clear and uncontradicted. Suppose you erase the date December 19, 1902, entirely; you have in the "ad." then all the law requires. If it be merely surplusage, then how can it be seriously contended it avoids the sale. *Graham* v. *Fett,* 53 Miss., 314; *Tyler* v. *Herring,* 67 Miss., 171, s.c., 6 South., 840.

All this would be different, if the mistake had been made over the time or place of sale; and appellant's authority when

examined will show that the courts were dealing with mistakes as to the time and place of sale shown in the "ad."

Another contention is that no actual notice was given appellant of the trustee's sale. The deposition of W. H. Clifton taken in the Illinois case shows that he wrote letters to both Moses C. Weyburn and Clarke S. Gregory advising them of the sale and the reasons why the sale would be made; and that these letters were never returned to him. But they were not entitled to actual notice; and the letters sent them show how careful and considerate the trustee was of their rights. Code, 1892, § 2484; *Williams* v. *Dreyfuss,* 79 Miss., 245, s.c., 30 South., 633.

WATKINS, Special Judge,\* delivered the opinion of the court.

Upon the 23d day of October, 1896, Miss Eckford, of Aberdeen, Miss., who was the owner of two hundred and forty acres of land in Monroe county, Miss., conveyed the same to George F. Cleaver for a consideration of $3,960, $825 of which was paid in cash and the balance evidenced by the four promissory notes of the grantee, due December 20, 1897, 1898, 1899, and 1900, respectively, bearing interest at the rate of eight per cent per annum from their date; the notes being secured by a deed of trust covering the land conveyed, in which instrument W. H. Clifton was named as trustee. Some time during the year 1897 Miss Eckford, by assignment, transferred this indebtedness, with the security for the same, to Mrs. Anna L. Watkins, the appellee. This indebtedness, upon payment of the interest and the taxes on the property, was extended from year to year until the 2d day of February, 1901, when Cleaver conveyed the land to the appellant for a cash consideration stated in the deed, and upon the appellant expressly assuming and agreeing to pay the indebted-

\* CHIEF JUSTICE WHITFIELD, being disqualified in this case, recused himself and WILLIAM H. WATKINS, ESQ., a member of the supreme court bar, was appointed and commissioned to preside in his stead in this case.

ness owing by Cleavèr to the appelleee, being· the indebt-
edness secured by the deed .of trust referred to.　On May 2,
1901, appellant conveyed this land to one Clark Gregory, upon
the said Clark Gregory paying a stated consideration and the
express assumption by the said Gregory of the aforementioned
indebtedness.　It appears that the interest was not paid upon
the indebtedness for the year 1901 by Clark Gregory, as he
agreed to do, and at the request of the appellee W. H.
Clifton, trustee, advertised the land for sale.　The land
was advertised December 19, 1901, in strict accordance
with the terms of the deed of trust; notices being posted in
three public places in Monroe county, Miss., for thirty days
prior to the date of the sale.　It appears, however, that W.
H. Clifton, trustee, in dating the notices, erroneously dated
them December 19, 1902, instead of December 19, 1901, and
the notices announced the sale would take place January 20,
1902.　At the sale the appellee purchased the lands for $7
per acre, being the highest and best bid therefor.　The amount
bid for the land at the trustee's sale was credited on the notes,
and a demand was made on the appellant, who then resided
in the state of Illinois, for payment of balance of $2,060, and,
on the failure of the appellant to pay the deficit, suit was filed
by appellee in the circuit court of Lee·county, Ill., on April
3, 1903.　This suit resulted in a judgment in favor of ap-
pellee against appellant on May 16, 1904, for the full amount
of her demand.　A motion for a new trial was entered in
the cause, which motion was overruled by the court, and no
appeal taken from the judgment.　On September 13, 1904,
an attachment suit was begun on this judgment in the circuit
court of Noxubee county, Miss., against appellant as a non-
resident, and certain lands owned by the appellant in that
county were levied on under the writ, and since the filing of the
original bill in this cause and prior to the final decree entered
therein this attachment suit resulted in a personal judgment
against the appellant for the full amount of the judgment

recovered by appellee in the circuit court of Lee County, Ill.

On December 20, 1904, the appellant exhibited his bill in the chancery court of Monroe county, Miss., in which he makes Clifton, trustee, and appellee Mrs. Watkins, defendants. Among other things the appellee alleges that the sale made by Clifton, trustee, to the appellee, on January 20, 1902, was made for a grossly inadequate price, and that the requirements of the deed of trust and of the law governing such sales were not complied with, and the same was invalid and illegal, and that the deed from Clifton, trustee, to the appellee, conveyed no title. The prayer of the appellant's bill is that the sale made by Clifton, trustee, to appellee, be declared void and set aside; that the appellee be allowed to redeem the land, and a commissioner be appointed to sell the same. The chancellor in the court below, after hearing the proof, dismissed the appellant's bill, and from the decree so doing this appeal is taken.

The question which presents itself in this record is as to whether or not the sale made by W. H. Clifton, trustee, was a valid sale of the land in question? The testimony establishes the fact that the land was sold for about forty per cent of its actual value. It is settled law, however, in this state, that a sale of land made by a trustee, otherwise valid, will not be set aside for mere inadequacy of price, unless the inadequacy is such as to shock the conscience. While the sale of this land was for less than its actual value, we would be unwilling to disturb the sale on that account.

It is next contended by the appellant that the sale is defective because of the erroneous date at the bottom of the notices posted by the trustee. The notices stated that the land would be sold upon the 19th day of January, 1902, and the public were clearly and properly apprised of the time, place, and terms of the sale. The law deals with the contents of the notices, and with the lapse of time between the posting and the date of the sale, and not with an erroneous date inadvertently affixed thereto by the scrivener. According to

the undisputed testimony, the notices were posted for more than thirty days prior to the sale. The sale was fairly and legally conducted, and every requirement of the deed of trust itself and of the law was strictly complied with. There is no pretense that there was any unfairness on the part of the appellee or of the trustee in conducting and making the sale. We are therefore of the opinion that the mere misdating of the notices on the part of the trustee does not render the sale invalid. We have carefully examined the case of *Fenner* v. *Tucker,* cited by learned counsel for the appellee, reported in 6 R. I., 551. In that case the notices of the sale stated that the land would be sold in one year, while, as a matter of fact, the land was sold in a subsequent year; whereas, in the present case, the notices correctly apprised the public as to the time, place, and terms of the sale, and the only mistake was the dating of the notices December 19, 1902, instead of December 19, 1901, which was a mistake of the scrivener, and in our judgment does not affect the validity of the sale.

It is further contended by counsel for the appellant that when the appellant conveyed the land in question to Clark Gregory, he himself was no longer liable to the appellee as the principal debtor, but was liable only as a surety, and that the extension of the indebtedness by W. H. Clifton, attorney for the appellee, during the year 1901, discharged the appellant from all liability on the notes, but the question is irrelevant to a proper determination of this case, because, whether the appellant was liable to the appellee as a principal debtor or merely as a surety, she had the legal right, upon default having been made in the payment of the indebtedness, to have the lands sold for the payment of her notes.

*We are there therefore of the opinion that the judgment of the court below was correct, and the case should be affirmed.*