AINSWORTH *v.* LEE, et al.

Nov. 23, 1953

No. 38923        44 Adv. S. 2        67 So. 2d 905

*McFarland & McFarland,* Bay Springs, for appellants.

*O. M. Oates,* Bay Springs, for appellees.

Roberds, P. J.

The ultimate question for decision in this case is whether the mortgage lien of Ainsworth, appellant, is superior, or subject to, the title of Lee, one of the appellees, to a lot described as follows: "Beginning at a point where the South line of Lot 8 of Block 28 of the Original Survey in the Town of Bay Springs, Mississippi, intersects the Eastern line of the Right of Way of Highway No. 15, run thence East 80 Feet, thence North 60 feet, thence West to the Right of Way of Highway No. 15, run thence South along the Eastern line of said Right of Way to the point of Beginning. Section 29, Township 2 North, Range 10 East, Second Judicial District, Jasper County, Mississippi."

The question arises under these circumstances: On September 3, 1947, Willie Jones and G. G. Gregory executed a deed of trust to Joe A. McFarland, Jr., Trustee, for the use and benefit of Burnham Ainsworth, conveying said lot. This trust deed was executed to secure payment of the principal sum of $8,500.00, money borrowed from the beneficiary by the mortgagors, plus the interest on said principal. Jones and Gregory, as evidence of such indebtedness, executed to Ainsworth ten promissory notes, aggregating, principal and interest, $10,830.50, the first note being due and payable September 1, 1949, and one note being due each year thereafter. The trust deed also, by its express terms, secured any other indebtedness which might be owing Ainsworth by mortgagors incurred before the foreclosure of the trust deed. On September

6, 1947, Gregory and Jones borrowed from Ainsworth an additional sum of $1,000.00, for which the borrowers executed their promissory note, due March 6, 1948, and which note, by virtue of the cover-all indebtedness clause in the trust deed, was also secured thereby. This trust deed was duly placed of record September 3, 1947, the date it was given.

On September 15, 1947, Gregory and Jones sold to D. H. Lee a one-third undivided interest in an automobile agency business they were operating and which was located upon said described lot, and on that day, by warranty deed, conveyed to Lee a one-third interest in said business and in all the personal property owned by the partnership of Gregory and Jones, and a one-third interest in the lot conveyed by the Ainsworth trust deed and four other lots not included in that trust deed. That deed contains a provision that Lee " * * * shall be liable for one-third (⅓) of the indebtedness of aforesaid business. Subject to an outstanding indebtedness to Burnham Ainsworth, Bay Springs, Mississippi, as presently existing." That deed was duly recorded November 25, 1947.

On August 31, 1949, Gregory sold his undivided one-third interest in said automobile business to Willie Jones, and, on that same day, executed a warranty deed to Jones conveying such interest in the business and in the Ainsworth lot. In that state of the title Jones owned a two-thirds and Lee a one-third undivided interest in said business and the lot in question.

About the time Gregory sold to Jones, request was made of Ainsworth that he satisfy his trust deed, release Gregory and take a new trust deed from Jones. Gregory agreed to do that. Gregory had no actual knowledge that Lee then owned one-third of the business and one-third of the lot covered by the Ainsworth trust deed. However, Lee's deed was on record and was constructive notice to Gregory.

On September 30, 1949, Ainsworth satisfied and cancelled of record the trust deed given him September 3, 1947, by Jones and Gregory, and, on that day, Jones executed to Joe A. McFarland, Jr., trustee, for the benefit of Ainsworth a trust deed on the said lot to secure the payment of a note executed at that time by Jones in favor of Ainsworth for the sum of $10,000.00 due September 3, 1950. That was the balance of the original debt to Ainsworth secured by his trust deed dated September 3, 1947. The trust deed purported to convey the fee to the property.

On December 15, 1951, Ainsworth and McFarland, trustee, filed the bill in this cause against Lee and Jones, praying the court to "order a foreclosure of this deed of trust executed by Willie Jones and G. G. Gregory and later a renewal by Willie Jones to Burnham Ainsworth as against the named defendants herein and according to law, and said defendants or any who might claim from them, be estopped from asserting any title or claim to the real estate herein set forth," and for general relief.

Jones did not answer the bill. Lee answered, admitting the execution and recordation of the foregoing instruments as set out above, but contending, as his main point, that the satisfaction and cancellation by Ainsworth of the trust deed given him by Jones and Gregory, and the release of Gregory from the debt, and acceptance of Jones as his debtor, with Jones' trust deed securing the same, worked a novation of the original debt, was a waiver of the lien under the first deed of trust, resulting in Jones' title to the lot under his deed from Gregory and Jones being superior to the claim of Ainsworth under his new trust deed. Lee filed a cross bill asserting this contention. The trial court dismissed the bill.

■■■ The new debt arrangement between Ainsworth and Jones was a novation of the old obligation. ■■■ There are three kinds of novation: (1) where the debtor and creditor remain the same, but a new debt takes the

place of the old one; (2) where the debt remains the same but a new debtor is substituted; and (3) where the debt and debtor remain, but a new creditor is substituted. Adams v. Power, 48 Miss. 450. In Greenwood Leflore Hospital Com. v. Turner, 213 Miss. 200, 56 So. 2d 496, this rule was deduced: "A novation may occur where the debt remains the same but a new debtor is substituted in which event the original debtor is acquitted, his obligation is extinguished and the creditor contents himself with the obligation of the second debtor." In 39 Am. Jur., pg. 255, Sec. 2, is found this definition of novation: "A novation, then, as understood in modern law, is generally defined as a mutual agreement among all parties concerned for the discharge of a valid existing obligation by the substitution of a new valid obligation on the part of the debtor or another, or a like agreement for the discharge of a debtor to his creditor by a substitution of a new creditor."

██ Here Ainsworth surrendered the old notes signed by Gregory and Jones and accepted new notes signed by Jones alone. He satisfied his trust deed on the record. He took a new trust deed from Jones alone. At that time Lee's deed to his one-third interest was on record. Lee knew nothing of this transaction between Ainsworth and Jones at the time, but, by operation of law, his title became superior to the lien of Ainsworth under the new arrangement. Therefore, to the extent of a one-third interest in the lot in question the title to Lee became superior to the lien of Ainsworth under his new arrangement with Jones. But it is contended by appellant that the terms of the deed to Lee preclude him from asserting a claim to said lot superior to that of Ainsworth. That deed, after conveying to Lee a one-third undivided interest in accounts receivable of the partnership business and after imposing upon Lee liability to pay one-third of the "indebtedness of the aforesaid business," recites "Subject to an outstanding indebtedness to Burnham Ainsworth, Bay Springs, Mississippi, as presently existing."

That clause relieves grantors of legal obligation to Lee on their warranty as to the property conveyed, but we do not think it precludes Lee from asserting title to a one-third interest in the lot in question superior to that of Ainsworth under his new arrangement with Jones. ▮▮▮ Too, it will be noted that the provision refers to the indebtedness "as presently existing." The debt obligation "as presently existing" was the personal debt of both Gregory and Jones. The new arrangement between Ainsworth and Jones not only relieved Gregory of personal responsibility for the debt but it included only two-thirds of the security which was included within the original trust deed. We do not think the quoted clause in the deed to Lee precludes his right to assert that his title to a one-third interest in the lot became superior to the lien of Ainsworth.

▮▮▮ The chancellor dismissed Ainsworth's bill "without prejudice to any and all rights of the complainants in and to the deed of trust executed by Willie Jones to Joe A. McFarland, trustee, for the benefit of Burnham Ainsworth." The bill here was to foreclose in equity whatever rights Ainsworth had under both the Gregory-Jones trust deed and the trust deed later signed by Jones alone. It asked the court to "order a foreclosure of this deed of trust executed by Willie Jones and G. G. Gregory and later a renewal by Willie Jones to Burnham Ainsworth * * *." Lee only has a one-third interest in the lot. He could not prevent the foreclosure and sale, even under the Jones trust deed, of the two-thirds interest conveyed to Ainsworth as beneficiary in the Jones trust deed. The court should have proceeded to foreclose in equity the two-thirds interest Ainsworth held as security for his debt rather than dismiss the bill. For that reason and for that purpose the cause should be reversed and remanded.

This proceeding, of course, does not involve and does not affect the personal liability, if any, of Lee for the

debt of Ainsworth should the net proceeds of the sale in equity of the two-thirds interest in the lot not be sufficient to pay the Ainsworth debt in full.

The costs on this appeal will be taxed equally between Ainsworth and Lee.

Affirmed in part, reversed in part and remanded.

*Hall, Kyle, Holmes* and *Lotterhos, JJ.*, concur.