517 So.2d 553 (1987)
Paul HAYGOOD and Blanche W. Haygood
v.
FIRST NATIONAL BANK OF NEW ALBANY, Mississippi.
No. 57250.
Supreme Court of Mississippi.
November 25, 1987.
Rehearing Denied January 13, 1988.
*554 Duncan Lott, Booneville, for appellants.
Roger H. McMillin, Jr., Sumners, Carter, Trout & McMillin, New Albany, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and GRIFFIN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Paul L. Haygood and Blanche W. Haygood, husband and wife, appeal from a judgment of the Circuit Court of Union County, Mississippi, entered against them and in favor of First National Bank of New Albany, Mississippi, in the amount of one hundred thirty thousand seven hundred thirty-seven dollars seventeen cents ($130,737.17) with interest, and five thousand dollars ($5,000) attorney's fees, deficiency on two promissory notes, after a foreclosure sale. The appellants have assigned three errors in the trial below.

Facts
On October 12, 1984, the appellants executed two notes to First National Bank of New Albany, one in the amount of two hundred forty-one thousand, four hundred eighteen dollars ninety-seven cents ($241,418.97), and the other in the amount of sixteen thousand two hundred fifty-one dollars thirteen cents ($16,251.13). Both notes were due on November 26, 1984. They were secured by a deed of trust executed by the appellants and their son, who owned an undivided interest in a parcel of the land, covering 347.5 acres in Lee County.
The appellants failed to pay the notes by the due date, and the appellee cooperated with appellants for several months while they sought refinancing of the notes through FHA. Appellants were unable to obtain an FHA loan, and, on April 9, 1985, appellee foreclosed on the deed of trust. The foreclosure sale was conducted by appellee's attorney at the Lee County Courthouse, where appellee was the only bidder and bought the land for one hundred fifty thousand dollars ($150,000). At the time of foreclosure, principal and interest due on the notes totalled two hundred seventy-five thousand, four hundred fifty-nine dollars eighty-seven cents ($275,459.87), in addition to trustees' fees of five thousand two hundred seventy-seven dollars thirty cents ($5,277.30). After crediting the $150,000 foreclosure proceeds to the appellants' debt, appellee had a deficiency of $130,737.17. On April 10, 1985, appellee filed suit in the Circuit Court of Union County to recover the deficiency.
Appellee's principal offices are in Union County, and the notes provided that they were due and payable at the principal offices or any branch office of the appellee. Also, appellee amended its complaint to seek a writ of attachment on certain property of the appellants.
Appellants answered with a general denial of the allegations of the complaint and filed affirmative defenses, setting out the following:
(1) Venue was improper;
(2) Writ of attachment was improperly issued;
(3) Deed of trust was fraudulent obtained by appellee;
(4) Notes were not in default at the time of foreclosure; and
(5) Appellee's $150,000 foreclosure bid was insufficient.
Appellants filed a counterclaim for one million dollars ($1,000,000) in actual damages and two million dollars ($2,000,000) in punitive damages.
*555 Discovery consisted of the depositions of appellants, their son, and the president of the appellee bank.

I.

THE LOWER COURT ERRED IN GRANTING THE APPELLEE'S

MOTION FOR SUMMARY JUDGMENT ON ALL ISSUES.
The appellants contend (a) that the debt sued upon by the bank was not in default and was not due by the appellants. They contend that appellee's action in cooperating with appellants in order to permit them time to seek FHA financing constituted an extension of the notes' due dates, i.e., forbearance. However, the record reflects that the notes on their face were due November 26, 1984, and appellee informed appellants on January 15, 1985, that, if the notes were not paid by February 1, 1985, appellee would foreclose.
In Hattiesburg Production Credit Ass'n v. Smith, 191 Miss. 119, 1 So.2d 768 (1941), the creditor's agent gratuitously agreed to extend the due date of a delinquent note. The Court held that an agreement to extend payment, in order to be binding, must be supported by sufficient consideration. 191 Miss. at 126, 1 So.2d at 769. There being no consideration under those facts, the debt was past due, the creditor's agent made no promises, and any forbearance was "mere indefinite indulgence." 191 Miss. at 129, 1 So.2d at 770. This Court held that the creditor was entitled to a peremptory instruction on the indebtedness.
There is no merit in this contention.
The appellants next contend (b) that the bank fraudulently included one hundred (100) acres of land in the deed of trust foreclosed upon. Appellants claim that a parcel of land designated as "Parcel A" was not given as security for the notes. Their signatures appear along the left margin of each page of the trust deed's property description, including the page describing "Parcel A." Appellants denied having signed these pages but admitted that the signatures appear genuine. Their fraud theory is that appellee somehow caused the signatures to be placed on the three pages without appellants' knowledge or consent. The theory is not developed by appellants in the record or in their brief.
In Martin v. Winfield, 455 So.2d 762, 764 (Miss. 1984), the Court set forth a strict test for proof of fraud:
The elements of a claim or defense of fraud in this state are well established. They include: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.
455 So.2d at 764 (Citations omitted) Considering the clear and convincing standard of proof for fraud, the Court noted that the question is not whether the Court thought appellant was defrauded, but whether the evidence of fraud was so clear that no hypothetical reasonable juror hearing the proof could conclude otherwise.
In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), Liberty Lobby sued Anderson for libel. There, libelous statements involved public figures, and, therefore, plaintiff had the burden to show actual malice by clear and convincing evidence. Defendant obtained summary judgment in District Court, which judgment was reversed by the D.C. Circuit Court of Appeals holding that the trial judge, in deciding the motion for summary judgment, erred by taking into account the standard of proof (clear and convincing) required of plaintiff. The U.S. Supreme Court reversed the Circuit Court holding that "in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." 477 U.S. at ___, 106 S.Ct. at 2513, 91 L.Ed.2d at 215. The Court further said:
Consequently, where the New York Times [Co. v. Sullivan, 376 U.S. 254, 84 *556 S.Ct. 710, 11 L.Ed.2d 686 (1964)] "clear and convincing" evidence requirement applies, the trial judge's summary judgment inquiry as to whether a genuine issue exists will be whether the evidence presented is such that a jury applying that evidentiary standard could reasonably find for either the plaintiff or the defendant. Thus, where the factual dispute concerns actual malice, clearly a material issue in a New York Times case, the appropriate summary judgment question will be whether the evidence in the record could support a reasonable jury finding either that the plaintiff has shown actual malice by clear and convincing evidence or that the plaintiff has not.
477 U.S. at ___, 106 S.Ct. at 2514, 91 L.Ed.2d at 216. (Footnote omitted).
We think that Anderson, supra, is applicable to the case sub judice, and that there is no merit in this contention.
The appellants contend (c) that the foreclosure price of $150,000 was grossly inadequate. The property secured an indebtedness of two hundred fifty-seven thousand six hundred seven dollars ten cents ($257,670.10). At the hearing on the motion for summary judgment, appellants stated that a real estate appraiser would testify in their behalf that the fair market value of the property was five hundred forty-nine thousand six hundred fifty dollars ($549,650). A "Certificate of Market Value" from the appraiser was offered in opposition to the motion for summary judgment. Appellants rely on this appraisal in support of their contention that the foreclosure price was inadequate. Appellee contends that the Certificate of Market Value is insufficient because it was not sworn, is not based on personal knowledge, and is not made by a qualified expert. However, the record does not indicate that appellee objected to the form of the certificate or its sufficiency under Miss.R.Civ.P. 56. A party must move to strike an affidavit that violates the rule, and if he fails to do so, he will waive his objection and, in the absence of `gross miscarriage of justice,' the Court may consider the defective affidavit. Brown v. Credit Center, Inc., 444 So.2d 358, 365 (Miss. 1983) quoting 10 Wright & Miller, Federal Practice and Procedure § 2738, pp. 507-09 (1973).
Inadequacy of price is insufficient to set aside a foreclosure sale unless the price is so inadequate as to shock the conscience of the Court. Central Finance Services v. Spears, 425 So.2d 403 (Miss. 1983); Weyburn v. Watkins, 90 Miss. 728, 44 So. 145 (1907). If the valuation asserted by appellants is accepted, then appellee's foreclosure price would be 27.29% of fair value, and if the valuation asserted by appellee is accepted, then the foreclosure price would be in excess of 50% of fair value. See Miss.L.J. 533, 546 (1983), where the writer stated: "[T]he threshold of unconscionability for foreclosure sale prices lies between thirty-six and forty percent of fair value." See, e.g., Hesdorffer v. Welsh, 127 Miss. 261, 90 So. 3 (1921), (8% of fair value was unconscionable); Federal Land Bank v. Robinson, 160 Miss. 546, 134 So. 180 (1931), (19% of fair value was unconscionable); Central Financial Services v. Spears, supra (36% of fair value was unconscionable); Weyburn v. Watkins, supra (40% of fair value was unconscionable).
The legal determination of the adequacy of the purchase price depends upon establishment of fair market value. Lake Hillsdale Estates, Inc. v. Galloway, 473 So.2d 461, 465 (Miss. 1985). We are of the opinion that the fair market value of the property is an issue of material fact in the case at bar and that the value of the property constituted a genuine issue which should have been submitted to the jury and that the lower court erred in granting summary judgment on that issue.
Appellant contends (d) that the published notice of sale was improper under Mississippi Code Annotated § 89-1-55 (1972). The statute provides in pertinent part, "... such notice and advertisement shall disclose the name of the original mortgagor or mortgagors in said deed of trust or other contract."
The name of Rex O'Neal Haygood, appellant's son, did not appear in the published notice as a mortgagor of the property, as *557 required by the statute; only the names of Paul L. Haygood and Blanche W. Haygood, appellants, appeared as mortgagors. Rex O'Neal Haygood is identified in the property description as record part-owner of Parcels D and F, but he is not identified as a mortgagor of the parcels. He executed the deed of trust which conveyed these parcels to appellee bank's trustee.
Section 89-1-55 provides that "[n]o sale of land under a deed of trust or mortgage, shall be valid unless such sale shall have been advertised as herein provided for... ." The requirement that the names of all mortgagors be published is strictly construed. Wilkinson v. Federal Land Bank, 168 Miss. 645, 150 So. 218, 151 So. 761 (1933). Under Blakeney v. Smith, 183 Miss. 151, 183 So. 920 (1938), omission of the name of a co-mortgagor invalidates a sale under the statute. A mortgagor and record owner are not necessarily the same, since a co-tenant may mortgage his interest in a tenancy in common without encumbering the interest of the other co-tenants. See Ainsworth v. Lee, 218 Miss. 813, 67 So.2d 905 (1953).
Appellee insists that appellants are now procedurally barred from complaining of defects in the published notice, since appellants first raised this issue of sufficiency of notice in an amended answer which was filed simultaneously with a motion to amend. The record does not indicate that the lower court granted leave for appellants to amend their answer or that appellee consented to such. However, Rule 15(a), Miss.R.Civ.P., clearly states that "a party may amend his pleadings only by leave of court or upon written consent of the adverse party... ." The interpretation of identical language in Federal Rule 15(a), follows:
In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter which it contains will not be considered unless the amendment is resubmitted for the court's approval. However, some courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change.
6 Wright & Miller, Federal Practice & Procedure, § 1484, p. 421 (citations omitted).
Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." We are of the opinion that the motion to amend would have been granted, if it had been considered by the lower court. We are of the opinion that there is merit in this contention of the appellants, that the published notice of sale was improper under § 89-1-55.
II.-III.
THE LOWER COURT ERRED IN DISMISSING THE APPELLEE'S ATTACHMENT BOND FILED WITH ITS ORIGINAL COMPLAINT AGAINST THE DEFENDANTS.
THE LOWER COURT ERRED IN FAILING TO GRANT DEFENDANTS' MOTION TO TRANSFER VENUE OR FOR CHANGE OF VENUE.
The appellants cite no supporting authority under Assignment II, and we do not consider that contention. Bonderer v. Robinson, 502 So.2d 314 (Miss. 1986); Tutor v. Tutor, 494 So.2d 362 (Miss. 1986); Devereaux v. Devereaux, 493 So.2d 1310 (Miss. 1986).
Likewise, there is no merit in Assignment III.
The appellants contend that as they are domiciled in Lee County, and the property secured by the deed of trust is also located in Lee County, the venue of the action brought by appellee was improperly selected as Union County.
*558 Mississippi's Uniform Commercial Code § 75-3-504(2)(c) provides that demand for payment may be made upon the maker of a note "at the place of acceptance or payment specified in the instrument." The notes given by appellants to appellee state on their face that they are "payable at Main Office or any Branch" of the First National Bank of New Albany. The main office of appellee is in Union County.
"[W]here a negotiable instrument is payable at two places, the holder has the option to present it at either, and he is not under an obligation to notify the maker at which of the places demand will be made." 6 Anderson on Uniform Commercial Code, § 3-504:16, p. 480 (1984); MetroBank v. Real Coal Co., Inc., 374 So.2d 296 (Ala. 1979).
The judgment of the lower court is affirmed as to all assigned errors, except Assignment I(c) and I(d), and is reversed and remanded as to those sub-assignments.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.
ANDERSON, J., not participating.