573 So.2d 758 (1990)
Arthur K. LOVETT, Jr.
v.
John R. ANDERSON.
No. 89-CA-0900.
Supreme Court of Mississippi.
December 19, 1990.
Rehearing Denied January 23, 1991.
*759 David K. McGowan, Jackson, for appellant.
Thomas T. Buchanan, Laurel, for appellee.
Before ROY NOBLE LEE, C.J., and ANDERSON and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
John Anderson brought suit in Forrest County Circuit Court to collect under the terms of a lease that had been breached by Arthur Lovett, Jr. The cause was heard on a Motion and Cross-Motion for Summary Judgment resulting in a judgment in favor of John Anderson. Finding error in the grant of summary judgment, we reverse.

I.
Lessor, John Anderson, and lessee, Arthur Lovett, Jr., executed a twelve (12) month lease on January 30, 1986, for the business property located at 108 Market Street, Hattiesburg, Mississippi. Under the terms of the lease, the lessee was to pay Three Thousand Dollars ($3,000.00) per month for the use of the leased premises with the option to renew the lease for more than one (1) year. Also, under the lease's terms, attorney's fees were recoverable by the prevailing party in the event of any litigation resulting from the lease contract.
In derogation of the lease's terms, Arthur Lovett, Jr., abandoned the subject property and failed to pay the prescribed rent when due. As a result, John Anderson filed suit in the Circuit Court of Forrest County seeking more than Forty One Thousand Dollars ($41,000.00) for appellant's breach. Mr. Anderson's complaint sought rent and penalties together with interest and all costs of court. To the above complaint, Arthur Lovett, Jr., filed an answer alleging that the amount claimed by appellee was not due in fact or law. He maintained that appellee had not mitigated damages by failing to re-lease the property and further that appellant Lovett was entitled to a set-off for improvements to the property in the amount of Eighteen Thousand Dollars ($18,000.00).
On February 3, 1988, appellee Anderson filed a Motion for Partial Summary Judgment with the lower court. This motion alleged that no issues of material fact existed in this matter and was accompanied by the affidavit of Mr. John Anderson.
After an extension of time, Arthur Lovett, Jr., answered appellee's Motion for Summary Judgment on May 17, 1988. This answer contained a Cross-Motion for Summary Judgment alleging that appellee Anderson had failed to mitigate his damages in this matter and further that appellant was entitled to a set-off for the sale of equipment purchased for the leased premises.
On August 2, 1988, appellee Anderson filed his answer to appellant's Cross-Motion for Summary Judgment. This answer *760 denied the allegations contained in appellant's motion and was accompanied by the affidavit of Mr. Donald Reynolds. This affidavit enumerated the efforts that appellee Anderson had taken in attempting to find another lessee for the subject property.
On June 14, 1989, the Honorable Richard McKenzie issued his Opinion in this matter finding that appellee's Motion for Summary Judgment was well taken and awarding him Forty Five Thousand Three Hundred Twelve Dollars and Fifty Cents ($45,312.50). The judgment included an award of Thirty Six Thousand Two Hundred Fifty Dollars ($36,250.00) for past due rent and penalties and Nine Thousand Sixty Two Dollars and Fifty Cents ($9,062.50) for attorney's fees together with interest and all costs of court. From the lower court's ruling, appellant Lovett perfected this appeal.

II.
The principal issue on appeal is whether summary judgment was appropriate in this matter. To answer this question, we must first look at the requirements mandated by Rule 56 of the Mississippi Rules of Civil Procedure. Rule 56(c) states:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Rule 56 does not cast upon the movant any burden of proof beyond that which he would shoulder at trial. The moving party has the job of persuading the court, first, that there is no genuine issue of material fact and, second, that on the basis of the facts established, that he is entitled to judgment as a matter of law. Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss. 1988). The lower court ruled that summary judgment was appropriate in this matter. Finding that genuine issues of material fact exist, we reverse.
Arthur Lovett, Jr., in his answer to the Anderson complaint, asserted a right of set-off for the value of improvements made to the leased premises. Mr. Lovett asserted as follows:
SIXTH DEFENSE
That the answering Defendant, Arthur K. Lovett, Jr., made substantial and valuable improvements to the subject premises and said value of the improvements would, without justifiable set-off to any damages claimed by the Plaintiff, would [sic] cause unjust enrichment to the Plaintiff at the expense and detriment to the answering Defendant, Arthur K. Lovett, Jr. That said improvements to the subject premises exceed $18,000.00 and, therefore, the answering Defendants affirmatively asserts his entitlement to a set-off of the value of said improvements.
In John Anderson's Motion for Summary Judgment, he attempted to show that no genuine issue of material fact existed with respect to Mr. Lovett's affirmative defense of set-off. Mr. Anderson stated:
... I received no value from any improvements alleged by the Defendant Lovett and that the premises in question, as a result of the Defendant's failure to pay in accordance with the lease, was forced to be transferred to the financing institution holding a mortgage on it.
This offer of proof, by appellee Anderson, was merely a conclusion unsupported by any evidence. It could not sustain the lower court's finding that no issue of material fact existed with respect to appellant's affirmative defense. On these facts, and facts of similar character, this Court believes that a claim to a right of set-off creates a genuine issue of material fact precluding the grant of summary judgment. Indeed, it should have precluded the grant of summary judgment in this case.

III.
Error is next found in the lower court's award of attorney's fees in this matter. Under the terms of the lease in *761 question, any litigation between the parties would result in an award of a reasonable attorney's fee. The trial judge determined that a reasonable fee would be "twenty-five percent (25%) of the amount of recovery, or $9,062.50." This finding was error.
This Court has held in its recent decisions that an award of attorney's fees must be supported by evidence. See Key Constructors, Inc. v. H & M Gas, Co., 537 So.2d 1318 (Miss. 1989). Under these decisions, the trial court may not "judicially note what is a reasonable fee and it certainly may not merely pull a figure out of thin air." Id. 537 So.2d at 1325. Because no evidence was offered to establish a reasonable fee in this matter, we reverse.

IV.
In today's reversal, we note that the record below contained an alleged right of set-off for the sale of equipment purchased for the leased premises. The lower court did not address this issue in any manner in its final decision. Suffice it to say, therefore, that this matter is reversed and remanded on all issues raised under these pleadings.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.