# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-01260-SCT

*DENNIS C. SWEET, III, AND KIMBERLY NOEL
SWEET*

*v.*

*TCI MS, INC., TCI MS INVESTMENTS, INC. (TCI
MS INVESTMENTS, INC.); AND MICHAEL V.
CORY, IN HIS OFFICIAL CAPACITY AS A
MEMBER AND PRINCIPAL IN THE LAW FIRM
OF DANKS, MILLER, HAMER & CORY*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/18/2009 |
| TRIAL JUDGE: | HON. RAY HILLMAN MONTGOMERY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | THOMAS J. BELLINDER |
| | DENNIS C. SWEET, III |
| ATTORNEYS FOR APPELLEES: | REBECCA B. COWAN |
| | WHITMAN B. JOHNSON, III |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 08/19/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., LAMAR AND PIERCE, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Dennis C. Sweet, III, and his wife, Kimberly Noel-Sweet, filed suit against TCI MS

Investment, Inc., alleging breach of contract by TCI after it failed to purchase a building from

the Sweets.  The Chancery Court of Hinds County granted summary judgment for TCI.

Because summary judgment was based wholly on a self-serving, conclusory affidavit, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

¶2. Dennis and Kimberly Sweet purchased a commercial building at 158 East Pascagoula Street in downtown Jackson. The Sweets began renovating the property with the intent of transforming the premises into a law office. As renovations progressed, TCI inquired about purchasing the property. With a sale seemingly imminent, the Sweets stopped their renovations.

¶3. In June 2007, the Sweets and TCI entered into a real estate sales contract whereby TCI agreed to purchase the property for $1.2 million, with a $50,000 earnest-money deposit.[1] Closing was set to occur on August 15, 2007. The contract made TCI's obligations contingent on TCI obtaining financing satisfactory to it prior to the closing date. The contract further required that the Sweets provide TCI a survey within twenty days after expiration of the due-diligence period.

¶4. The August 15 closing date passed without consummation; consequently, on February 29, 2008, the Sweets filed suit against TCI in the Chancery Court of Hinds County.[2] The

---

[1] Dennis and TCI specifically were the contracting parties. Although Kimberly technically was not a party to this contract, we refer to "the Sweets" collectively for consistency.

[2] The complaint also named as defendants Michael V. Cory, in his official capacity as a member and principal in the law firm of Danks, Miller, Hamer & Cory, and John Does 1-5. Cory, who served as closing attorney, interpleaded the $50,000 earnest-money deposit and was dismissed from the suit.

Sweets alleged eight causes of action, including breach of contract, negligence, negligence per se, gross negligence, and conversion.

¶5.    More than one year later, on April 29, 2009, TCI filed a motion for summary judgment. TCI argued that it was not obligated to perform on the contract, because a specific contingency had never been met: TCI had not obtained financing satisfactory to it. In support of its motion, TCI attached the affidavit of Mark Small, president of TCI. Small's affidavit stated that the Sweets had not provided the requisite survey, and that TCI had "attempted to obtain financing satisfactory to it from numerous financial institutions prior to the . . . closing date . . . [but] was unable to do so."

¶6.    A week or so later, on May 6, 2009, the Sweets filed a response opposing summary judgment on the basis that discovery was pending and incomplete. That same day, the Sweets propounded their first discovery requests. TCI responded to the Sweets' discovery requests prior to the summary-judgment hearing.

¶7.    On August 4, 2009, the chancery court entered a final judgment granting summary judgment for TCI. Thereafter, the chancery court granted TCI's motion for attorneys' fees and costs in the amount of $18,384. An amended final judgment was entered on August 20, 2009.

¶8.    The Sweets now appeal to this Court.

## DISCUSSION

**Did the chancellor properly grant summary judgment by finding that the Sweets failed to assert any genuine issues of material fact?**

¶9. A lower court's grant of summary judgment is reviewed de novo. *E.g.*, *In re Estate of Laughter*, 23 So. 3d 1055, 1060 (Miss. 2009) (quoting *Bullock v. Life Ins. Co.*, 872 So. 2d 658, 660 (Miss. 2004)). Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). The evidence must be considered in the light most favorable to the party against whom the motion is made. *In re Estate of Laughter*, 23 So. 3d at 1060 (Miss. 2009) (quoting *Bullock*, 872 So. 2d at 660).

¶10. The Sweets assert numerous reasons why summary judgment should not have been granted. We need address only two: (1) whether the contingency clause in paragraph five of the contract is ambiguous and (2) whether TCI failed to meet its burden of persuasion by relying solely on Small's self-serving, conclusory affidavit to support its motion for summary judgment.

*Ambiguity of the contract.*

¶11. Summary judgment is generally inappropriate for cases involving contractual ambiguity. *Great S. Nat'l Bank v. McCullough Envtl. Servs, Inc.*, 595 So. 2d 1282, 1289 (Miss. 1992) (citing *Pursue Energy Corp. v. Perkins*, 558 So. 2d 349, 354 (Miss. 1990)). But if no material ambiguity exists and the provisions are clear, even if not perfectly clear, summary judgment often is proper. *Willis v. Miss. Farm Bureau Mut. Ins. Co.*, 481 So. 2d 256, 258 (Miss. 1985) (citing *Shaw v. Burchfield*, 481 So. 2d 247, 252 (Miss. 1985)).

4

¶12.   The Sweets contend that the contingency clause in paragraph five is ambiguous insofar as it makes TCI's contractual obligations contingent upon TCI obtaining financing satisfactory to it.  The contingency clause states as follows:

> 5.    **CONTINGENCIES.**  The obligations of [TCI] herein, including forfeiture of any Earnest Money, are subject to [TCI] obtaining financing; zoning; approvals, and certain environmental permits, satisfactory to [TCI] prior to the Closing Date.

¶13.   The Sweets argue that the terms "obtaining financing" and "satisfactory" are ambiguous.  "Obtaining financing," according to the Sweets, is ambiguous because it does not specify the percentage or the amount of financing that TCI must attain.  They argue that the term "satisfactory" likewise is subjective and open to various interpretations.  The Sweets thus insist that paragraph five is no contingency at all, but is simply an "escape route"— it allows TCI to avoid its contractual obligations simply by asserting that it could not obtain "satisfactory" financing.

¶14.   The requirement that TCI obtain satisfactory financing served as a condition precedent to TCI's obligations to complete the purchase.  *See **Bailey v. Estate of Kemp***, 955 So. 2d 777, 786 (Miss. 2007); *see also **Watkins v. Williamson***, 869 S.W.2d 383, 384-85 (Tex. Ct. App. 1993).  Provisions that make a contract subject to a condition, the performance of which must be satisfactory to the purchaser, are called "satisfaction clauses."  Milton R. Friedman & James Charles Smith, *1 Friedman on Contracts and Conveyances of Real Property* § 1:2.1, at 1-7 to 1-8 (7th ed. 2005).  Courts have struggled to decide whether "satisfaction" should be interpreted subjectively or objectively.  *Id.*  Yet, "[s]atisfaction with a financial condition usually requires a subjective determination."  Friedman, § 1:2.1 at 1-8 (citing ***Forman v.***

5

*Benson*, 446 N.E.2d 535 (Ill. App. Ct. 1983), but noting that the courts have gone both ways). Good faith is required regardless. *Id.*

¶15. We find that paragraph five unambiguously sets forth that TCI's contractual obligations are contingent upon TCI obtaining financing satisfactory to *it*. TCI need only exercise good faith. Subjectivity does not render the clause ambiguous or unenforceable. The Court of Appeals of Texas, for example, applied a subjective standard in enforcing a similar contractual provision. *Watkins*, 869 S.W.2d 383. In *Watkins*, buyers and seller entered into a residential sales contract which provided that the "'contract is contingent upon Buyer[s] obtaining satisfactory financing.'" *Id.* at 384. Despite negotiating with three potential lenders, the buyers were unable to obtain financing before the contract terminated. *Id.* The seller then sued the buyers for the earnest money. *Id.* The Court of Appeals of Texas affirmed summary judgment for the buyers because there was no evidence that the buyers were satisfied with the various financing options, and there was no evidence that the buyers had acted unreasonably or in bad faith. *Id.* at 385. Though *Watkins* is not binding on this Court, it supports that contract clauses with subjective, satisfactory financing provisions, like the one before us, are not ambiguous or unenforceable.

*Sufficiency of Small's affidavit.*

¶16. We note from the outset that the Sweets never filed a motion to strike Small's affidavit. This Court has stated that the failure to file a motion to strike constitutes a waiver to any objection to the affidavit. *Bd. of Educ. of Calhoun County v. Warner*, 853 So. 2d 1159, 1163 (Miss. 2003) (quoting *Haygood v. First Nat'l Bank of New Albany*, 517 So. 2d 553, 556 (Miss. 1987)); *Brown v. Credit Ctr., Inc.*, 444 So. 2d 358, 365 (Miss. 1983)

6

("[w]here the party against whom a motion for summary judgment is made wishes to attack one or more of the affidavits upon which the motion is based, he must file in the trial court a motion to strike the affidavit."). In the absence of "gross miscarriage of justice," this Court may consider a defective affidavit. *Warner*, 853 So. 2d at 1163 (quoting *Haygood*, 517 So. 2d at 556).

¶17. Although the Sweets have waived any objections to Small's affidavit, the affidavit is TCI's only evidentiary support for summary judgment. Therefore, we must determine whether Small's affidavit enabled TCI to meet its burden of production and persuasion that no disputed factual issue exists. *Frank v. Dore*, 635 So. 2d 1369, 1373 (Miss. 1994) (citing *Fruchter v. Lynch Oil Co.*, 522 So. 2d 195, 198 (Miss.1988)).

¶18. The affidavit of TCI President Mark Small states, in pertinent part, as follows:

> . . . Mark Small, who after being by me first duly sworn stated on oath that he has personal knowledge and is competent to testify as follows:
>
> 1. He is the President of TCI MS, Investment, Inc., the Buyer under the Sales Contract - Real Estate, which is attached as Exhibit "A" to the plaintiff's complaint.
>
> 2. He signs this affidavit for and on behalf of TCI MS, Inc., as its own act and deed after having first been authorized to do so by the corporation.
>
> 3. The plaintiffs did not provide a survey of the property that is the subject of the contract within 20 days after July 12, 2007, which was the date the due diligence clause in the contract ended.
>
> 4. Although TCI MS, Investment, Inc., attempted to obtain financing satisfactory to it from numerous financial institutions prior to the August 15, 2007, closing date in the contract, it was unable to do so.

¶19. This Court has expressed disdain for conclusory, self-serving affidavits used to support summary judgment. **Dalton v. Cellular South, Inc.**, 20 So. 3d 1227, 1234 (Miss. 2009). Such affidavits, unsupported by material facts relevant to the issue at hand, are not a sufficient basis for granting summary judgment. **Id.** at 1233-34 (citing **Burton v. Choctaw County**, 730 So. 2d 1, 9 (Miss. 1997)); *see also* **Hubbard v. Wansley**, 954 So. 2d 951, 965-66 (Miss. 2007); **Lovett v. Anderson**, 573 So. 2d 758, 760 (Miss. 1990); **Wallace v. Texas Tech Univ.**, 80 F.3d 1042, 1047 (5th Cir.1996).

¶20. This Court recently reversed a lower court's grant of summary judgment where the decision was based on a conclusory, self-serving affidavit. **Dalton**, 20 So. 3d at 1235. In **Dalton**, Cellular South, Inc., (CSI) terminated its agency agreement with Gregory Dalton. **Id.** at 1229. The agreement allowed CSI to do so if CSI determined that continuation of the relationship would be "detrimental to the overall well being, reputation and goodwill . . . [of CSI]." **Id.** at 1229 n.1. Dalton, however, refused to sign a full and final release. **Id.** at 1230. Consequently, CSI filed a declaratory-judgment action and then filed a motion for summary judgment. **Id.** In support of its motion, CSI attached an affidavit from its president, Hu Meena. **Id.** Meena stated that CSI's decision to terminate its agency relationship with independent agents was due to the administrative burdens associated with managing those agents. **Id.** at 1234. He acknowledged that Dalton's agency was successful in terms of sales, but Meena maintained that it would have been impractical to retain some agents while terminating others. **Id.** at 1235. This Court found Meena's affidavit to be conclusory, self-serving, and insufficient to support summary judgment. **Id.** The Court stated that Meena's affidavit lacked any foundational facts to show how, when, and why CSI had determined that

8

continuation of the relationship was detrimental to CSI's well-being, reputation, and goodwill. *Id.* at 1234. The affidavit merely tracked the contractual language without providing any actual facts. *Id.* (citing *Hubbard*, 954 So. 2d at 965).

¶21. We find Small's affidavit analogous to the affidavit in *Dalton*. Small's affidavit does not show when or how TCI attempted to obtain financing, or why TCI's available options were unsatisfactory. With a conclusory, self-serving affidavit as its only support for summary judgment, TCI failed to meet its burden its burden of production and persuasion. Accordingly, we find that the chancery court erred in granting summary judgment.

## CONCLUSION

¶22. We find that Small's affidavit was an insufficient basis on which to grant summary judgment. Because TCI failed to meet its burden of persuasion and production, we reverse the trial court's judgment, including its award of attorneys' fees and costs, and remand the case for further proceedings consistent with this opinion.

¶23. **REVERSED AND REMANDED.**

**CARLSON, P.J., LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. DICKINSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, J. GRAVES, P.J., NOT PARTICIPATING.**

**DICKINSON, JUSTICE, DISSENTING**:

¶24. The contract unambiguously makes TCI's obligation to close contingent upon its obtaining subjectively satisfactory financing. TCI submitted an affidavit stating that it was unable to do so, and the Sweets neither disputed the affidavit nor alleged bad faith. In my view, under these facts, the trial court did not err in granting TCI summary judgment.

9

¶25. The majority says TCI's affidavit amounted to a conclusory, self-serving statement. A statement is conclusory if it "[e]xpress[es] a factual inference without stating the underlying facts on which the inference is based."[3] Paragraph 4 of Small's affidavit reads "[TCI] attempted to obtain financing satisfactory to it from numerous financial institutions . . . [and was] unable to do so." That is a statement of fact, not a conclusion. "Peas don't taste good" is a conclusory statement. But "I have eaten peas and I don't like peas" is a statement of fact. TCI's sworn statement that it unsuccessfully had attempted to obtain satisfactory financing from numerous financial institutions is a statement of fact – uncontradicted in the record. Accordingly, I would affirm the chancellor.

**RANDOLPH, J., JOINS THIS OPINION**.

---

[3] *Black's Law Dictionary* 244 (8th ed. 2005).