IRVING, P.J.,
dissenting:
¶ 46. The majority finds that the circuit court did not err in granting summary judgment in favor of Farm Bureau and Murray or in limiting additional discovery to the sole issue of the driver’s identity at the time of the accident. Because I believe that the circuit court erred in granting summary judgment and in limiting discovery, I dissent. I would reverse the circuit court’s judgment and remand this case for additional discovery and a trial on the merits.

1. Summary Judgment

¶ 47. As the majority points out, Murray was the sole eyewitness to the accident that resulted in Brandon’s death. While Murray testified in his deposition that Brandon was driving at the time of the accident and that there were no other vehicles involved, his testimony is, at best, self-serving and is insufficient to support a motion for summary judgment.
¶ 48. Our supreme court has “expressed disdain for conclusory, self-serving affidavits used to support summary judgment.” Sweet v. TCI MS, Inc., 47 So.3d 89, 93 (¶ 19) (Miss.2010) (citing Dalton v. Cellular S., Inc., 20 So.3d 1227,1234 (¶ 15) (Miss.2009)). While Murray’s sworn statements were made during his deposition rather than in an affidavit, they are still the type of conclusory, self-serving statements that our supreme court has refused to accept as sufficient to support a motion for summary judgment.
¶ 49. Murray, the sole eyewitness to the accident, provided the only evidentiary support that Brandon was driving at the time of the accident. However, Murray was also a named defendant in the Bol-dens’ complaint. The Boldens asserted claims of negligence and gross negligence against Murray, whom they alleged either caused the accident through his own negligent driving or contributed to the accident by distracting Brandon while he was driving. Furthermore, Farm Bureau paid Murray $30,000 under the Boldens’ policy to settle his claims against them for personal injuries that he sustained in the accident.
*722 ¶ 50. None of the officers deposed saw either Brandon or Murray in the vehicle when they arrived on the scene. Officer Cotton testified that the only evidence he had that Brandon was driving at the time of the accident came from Murray. Officer Bufkin testified that when he arrived at the scene, the first-responding officers informed him that Brandon was the driver of the vehicle. However, he explained that when he arrived, Brandon had already been transported to the hospital, and Murray had left the scene. Therefore, Officer Bufkin had no personal knowledge of who was driving at the time of the accident. Additionally, he stated that, based on the photographs of the vehicle and other evidence gathered from the accident scene, he could not determine the driver’s identity. Officer Tate testified that several witnesses who had been at the nightclub where Brandon and Murray had been pri- or to the accident told him that Brandon had been driving. However, Officer Tate admitted that when he arrived at the scene, neither Brandon nor Murray was in the vehicle.
¶ 51. In its order granting summary judgment, the circuit court stated that its decision was based on Murray’s deposition testimony that Brandon was driving at the time of the accident. However, applying the supreme court’s holding in Sweet, Murray’s self-serving deposition testimony is insufficient to support a motion for summary judgment. Therefore, in my judgment, the circuit court erred in granting summary judgment based on that evidence.

2. Discovery Limitation

¶ 52. After Farm Bureau and Murray filed their respective motions for summary judgment, the Boldens filed a motion under Rule 56(f) seeking a continuance to conduct additional depositions. The circuit court granted the continuance, but limited additional discovery to “the investigation of the subject accident regarding the identity of the driver at the time of the accident.”
¶ 53. The Boldens argue that the circuit court’s limitation on additional discovery prevented them from conducting discovery related to the issue of whether another vehicle was involved in the accident. In his deposition, Murray testified that Artis had approached him several weeks after the accident and told him that there was yellow paint on the bumper of the Mercedes and that “some people” had told him that a yellow truck had pushed Brandon’s vehicle off the road. However, Murray denied that another vehicle was involved in the accident.
¶ 54. Murray’s testimony was the only evidence before the circuit court that no other car was involved in the accident. However, as discussed above, Murray’s deposition testimony is self-serving. Therefore, in my judgment, the circuit court erred in limiting discovery solely to the driver’s identity at the time of the accident based on Murray’s deposition testimony.
¶ 55. For the above reasons, I dissent.
RUSSELL, J, JOINS THIS OPINION.